PEOPLE v HALE (ON REMAND)

Docket No. 54499. Submitted November 5, 1980, at Lansing.—Decided January 23, 1981.

Richard O. Hale was convicted of felonious assault and resisting arrest in the Clare Circuit Court, Paul F. O'Connell, J. The Court of Appeals affirmed, 96 Mich App 343 (1980). The Supreme Court remanded, 409 Mich 937 (1980), for consideration of the issue of double jeopardy in light of *People v Jankowski,* 408 Mich 79 (1980). *Held:*

The defendant's actions were all part of a single criminal transaction, a continuing assault. Conviction of two assault crimes arising out of one continuing assault violates the prohibition against double jeopardy.

Affirmed as to the felonious assault conviction and reversed as to the resisting arrest conviction.

ASSAULT AND BATTERY — DOUBLE JEOPARDY.

A defendant's right to be free from double jeopardy is violated by conviction of two assault crimes arising out of one continuing assault.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard S. Allen,* Prosecuting Attorney (by *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Dreyer & McLaughlin,* for defendant on appeal.

Before: ALLEN, P.J., and V. J. BRENNAN and MACKENZIE, JJ.

REFERENCES FOR POINTS IN HEADNOTE
[1]6 Am Jur 2d, Assault and Battery § 64.
21 Am Jur 2d, Criminal Law §§ 183, 188.

On Remand

Per Curiam. This case reappears before us by order of the Michigan Supreme Court on October 31, 1980, vacating our prior judgment at 96 Mich App 343; 292 NW2d 204 (1980) and remanding for reconsideration of the double jeopardy issue in light of *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980).

Defendant was convicted of both felonious assault, MCL 750.82; MSA 28.277, and resisting arrest, a misdemeanor according to MCL 750.479; MSA 28.747, stemming from a fracas between defendant and Deputy Richard Miller of the Clare County Sheriff's Department when the latter attempted to arrest defendant for drunk and disorderly conduct. Defendant was sentenced to 2-1/2 to 4 years on the felonious assault conviction and 15 months to 2 years on the resisting arrest conviction.

In *Jankowski,* the Court affirmed the defendant's conviction of armed robbery but reversed his two other larceny convictions based on a single taking of a cash register from a gasoline station, reasoning that "it was factually and logically impossible for the defendant to be guilty of armed robbery without at once being guilty of larceny in a building and larceny over $100". 408 Mich 79, 89. Thus, the pertinent inquiry is whether defendant was convicted of a greater offense and a necessarily or factually included offense.

To be convicted of felonious assault, defendant must have intentionally assaulted another with a dangerous weapon.[1] MCL 750.82; MSA 28.277. Resisting arrest is defined as follows:

---

[1] See *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979).

"Any person who shall knowingly and wilfully ob-
struct, resist or oppose any sheriff, coroner, township
treasurer, constable or other officer or person duly
authorized, in serving, or attempting to serve or execute
any process, rule or order made or issued by lawful
authority, or who shall resist any officer in the execu-
tion of any ordinance, by law, or any rule, order or
resolution made, issued, or passed by the common coun-
cil of any city board of trustees, or common council or
village council of any incorporated village, or township
board of any township or who shall assault, beat or
wound any sheriff, coroner, township treasurer, consta-
ble or other officer duly authorized, while serving, or
attempting to serve or execute any such process, rule or
order, or for having served, or atempted [sic] to serve or
execute the same, or who shall so obstruct, resist,
oppose, assault, beat or wound any of the above named
officers, or any other person or persons authorized by
law to maintain and preserve the peace, in their lawful
acts, attempts and efforts to maintain, preserve and
keep the peace, shall be guilty of a misdemeanor,
punishable by imprisonment in the state prison not
more than 2 years, or by a fine of not more than 1,000
dollars." MCL 750.479; MSA 28.747.

In the amended information filed March 29,
1977, defendant was charged with two counts: (1)
felonious assault upon Richard T. Miller with a
dangerous weapon, to wit, a shoe; (2) resisting a
lawful arrest by Richard T. Miller.

Deputy Miller testified at trial that he was alone
on night shift patrol on February 9, 1977, when he
observed a car in a ditch off the road. Upon
coming closer, Deputy Miller observed defendant
sleeping in the front seat of the vehicle. When
Deputy Miller inquired of defendant whether he
was all right, defendant responded "Fuck you,
Dyke", apparently mistaking him for another po-
liceman named Dyke. Deputy Miller testified that
he noticed that defendant had a strong odor of

alcohol on his breath and that his speech was slurred. When defendant repeated his earlier statement, Deputy Miller advised him that he was under arrest for drunk and disorderly conduct.

When Deputy Miller opened the door of defendant's car, defendant immediately struck him in the side of the head with his fist, kicked the officer in the chest with his shoe, and slammed the door and locked it. Deputy Miller returned to his patrol car and called for assistance. Another Clare County deputy sheriff, as well as a state police unit, responded.

Deputy Miller again approached defendant's vehicle and informed defendant he was under arrest. The officer succeeded in getting the door unlocked but, when he grabbed defendant, defendant kicked him in the groin area. The other officers tried to assist from the other side of the vehicle. When Deputy Miller got up off the ground, defendant kicked him down again. Deputy Miller said he was injured and in pain. Meanwhile, the reinforcements managed to get defendant out of the vehicle and wrestled him to the ground. Defendant's arms and legs were bound. Still screaming, defendant was carried into the patrol car and once more kicked Deputy Miller in the groin area.

Although Deputy Miller testified that defendant kicked him four or five times, defendant's actions were all part of a single criminal transaction, a continuing assault. Defendant was not charged with assaulting any of the assisting officers. When the elements of felonious assault were testified to by Deputy Miller, the elements of resisting arrest were also shown. This is true because the officer testified that he was assaulted by defendant after informing defendant he was under arrest. Under *Jankowski,* defendant's right to be free from dou-

ble jeopardy was violated by his conviction of two assault crimes arising out of one continuing assault.

We affirm defendant's felonious assault conviction and vacate his conviction for resisting arrest.