PEOPLE v WESTBROOK

Docket No. 126804. Submitted January 16, 1991, at Lansing. Decided
    April 16, 1991, at 9:35 A.M. Leave to appeal sought.

   Nathan E. Westbrook pleaded no contest in the Jackson Circuit
     Court to a charge of assault with intent to commit second-
     degree criminal sexual conduct. The court, Russell E. Noble, J.,
     sentenced the defendant to 1½ to 5 years' imprisonment. The
     defendant appealed, alleging that he was denied the right of
     allocution because he was not allowed to comment on the
     judge's explanation of his sentencing considerations, and that
     his sentence was an abuse of the court's sentencing discretion.

       The Court of Appeals *held:*

       1. The defendant was not denied his right of allocution when
     he was not allowed to comment on the judge's explanation of
     his sentencing considerations. The defendant reviewed the
     presentence report, in which all of the trial court's sentencing
     considerations were noted, and made no objection relevant to
     this appeal. Furthermore, the defendant was allowed to address
     the court and raise any sentencing concerns before the pro-
     nouncement of the sentence.

       2. The sentence is within the guidelines' recommended range
     and therefore is presumptively valid, and it does not violate the
     principle of proportionality.

       Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Joseph F. Filip,* Prosecut-
ing Attorney, and *Jerrold Schrotenboer,* Chief Ap-
pellate Attorney, for the people.

*Kevin M. Wilhelmi,* for the defendant on appeal.

Before: NEFF, P.J., and SHEPHERD and McDON-
ALD, JJ.

PER CURIAM. Defendant pleaded no contest to a
charge of assault with intent to commit second-

degree criminal sexual conduct, MCL 750.520g(2); MSA 28.788(7)(2), and was sentenced to 1½ to 5 years' imprisonment. He appeals as of right, and we affirm.

I

Defendant's conviction arises from his sexual assault of a nine-year-old niece of his former girl friend.

The sentencing information report recommended a minimum sentence range of six to twenty-four months' imprisonment. At the sentencing hearing, defense counsel addressed the court on defendant's behalf and pointed out several things which are irrelevant for purposes of this appeal. No objection was made to the contents of the presentence report. One of the allegations in the report indicated that defendant had threatened his former girl friend and her son should he receive any jail sentence for his crime. After defendant was given the opportunity for allocution, but declined to do so, the trial judge explained his sentencing considerations. The judge then pronounced defendant's sentence, which was within the guidelines' range.

II

Defendant first claims that he was denied the right of allocution because he was not allowed to respond to the court's sentencing considerations before pronouncement of sentence. We disagree.

MCR 6.425(D)(2)(c) provides that the court must "give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence." In interpreting the precursor of this court rule,

our Supreme Court, in *People v Berry,* 409 Mich 774, 781; 298 NW2d 434 (1980), stated:

> The rule requires strict compliance and should be understood in all cases to require the trial court to inquire specifically of the defendant separately whether he or she wishes to address the court before the sentence is imposed. Ordinarily the inquiry should come immediately before the sentence is pronounced and after the trial court has made such remarks as it deems appropriate concerning the offense involved, the presentence report, the defendant's personal history, the needs of the community, and any other subject.

Defendant does not claim he was denied the right of allocution before the pronouncement of sentence. Rather, he claims he was not allowed to comment on the judge's explanation of his sentencing considerations.

Although defendant was not given the chance to respond to the judge's sentencing considerations, *Berry* does not mandate resentencing. The *Berry* Court stated that allocution should "ordinarily" come after the court has made its remarks regarding sentencing but before pronouncement of the sentence. By using the term "ordinarily," the *Berry* Court indicated that the suggested procedure of allowing allocution after the court has made its remarks but before pronouncement of sentence is not an absolute requirement but merely a suggested method of allowing a defendant his right of allocution. Where, as here, the court's remarks pertained to matters already known to defendant, such as matters contained in the presentence report or previously mentioned by the court, and where defendant was already given a reasonable opportunity to speak with regard to those matters, he was not denied the right of allocution.

Here, the record indicates that both defendant and his attorney reviewed the presentence report and made no objection relevant to this appeal. Each was also allowed to address the court and raise any sentencing concerns before the pronouncement of sentence. In imposing sentence, the trial judge stated that he was considering the guidelines' recommendation plus the allegations, to which no objection was raised, that defendant had threatened the victim's aunt and the aunt's son. The judge also stated that he was considering defendant's lengthy misdemeanor record and the fact that defendant needed alcohol counseling. All of these sentencing considerations were noted in the presentence report. Thus, defendant and his attorney were aware of them and had the opportunity to address them before the pronouncement of sentence. Under these circumstances, defendant was not denied his right of allocution.

### III

Next, defendant claims his sentence was an abuse of the court's sentencing discretion. We disagree. The sentence, which is within the guidelines' recommended range, is presumptively valid. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). We find that the sentence does not violate the principle of proportionality by being disproportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990).

Affirmed.