PEOPLE v MATHEWS

Docket No. 141988. Submitted September 9, 1992, at Lansing. Decided September 30, 1992; approved for publication November 19, 1992, at 9:05 A.M..

Michael C. Mathews pleaded nolo contendere in the Livingston Circuit Court, Daniel A. Burress, J., to two counts of felonious driving relating to one automobile accident in which two persons sustained crippling injuries. The plea was conditioned upon his right to appeal the court's decision that he could be charged with two counts of felonious driving. He appealed, claiming that the multiple convictions violated his federal and state constitutional protections against double jeopardy.

The Court of Appeals held:

Felonious driving, MCL 752.191; MSA 28.661, is the reckless or negligent driving of a vehicle upon a highway resulting in crippling injury to another person. The primary legislative intent behind the statute is to protect persons from crippling injuries. Multiple convictions of felonious driving relating to a single incident do not violate the Double Jeopardy Clauses, US Const, Am V; Const 1963, art 1, § 15, where more than one person sustains crippling injuries.

Affirmed.

CRIMINAL LAW — FELONIOUS DRIVING — MULTIPLE CONVICTIONS.

Felonious driving is the reckless or negligent driving of a vehicle upon a highway resulting in crippling injury to another person; multiple convictions of felonious driving may result from a single incident where more than one person sustains crippling injuries (MCL 752.191; MSA 28.661).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *David L. Morse,* Prosecuting Attorney, and *Daniel J. Garber, Jr.,* Assistant Prosecuting Attorney, for the people.

REFERENCES
Am Jur 2d, Criminal Law § 279.
See the ALR Index under Criminal Law.

*Rick L. Middleton,* for the defendant on appeal.

Before: DOCTOROFF, C.J., and CAVANAGH and JANSEN, JJ.

PER CURIAM. On March 15, 1991, defendant entered a conditional plea of nolo contendere to two counts of felonious driving. MCL 752.191; MSA 28.661. On June 10, 1991, defendant was sentenced to one year in jail and to five years on probation. Defendant's plea was conditioned on his right to appeal the trial court's decision that he could be charged with two counts of felonious driving. In this appeal, defendant claims that two convictions of felonious driving violated his constitutional protection against double jeopardy. We disagree and affirm.

Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15. And both Double Jeopardy Clauses incorporate three distinct protections. First, they prohibit a second prosecution of a defendant for the same offense after acquittal. Second, they prohibit a second prosecution of a defendant for the same offense after conviction. Third, they prohibit the imposition of multiple punishments on a defendant for the same offense. *People v Wakeford,* 418 Mich 95, 107-108; 341 NW2d 68 (1983).

Where the double jeopardy issue requires a determination of what constitutes a single crime or offense under a particular statute, "legislative intent is the beginning and end of the inquiry." *Id.* at 108. The Legislature's authority to define a single criminal act or offense is not diminished by the Double Jeopardy Clause because the clause

places limitations on prosecutors and courts only, not the Legislature. *Id.* at 111. Consequently, the question for this Court is whether the Legislature intended that two convictions of felonious driving could occur when two people are crippled as a result of the accused's misconduct. The appropriate "unit of prosecution" can be determined from the language of the statute involved. *Id.*

The felonious driving statute provides in part:

> Every person who drives any vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property and thereby injuring so as to cripple any person, but not causing death, shall be guilty of the offense of felonious driving. [MCL 752.191; MSA 28.661.]

Felonious driving has been defined "as the reckless or negligent driving of a vehicle upon a highway resulting in crippling injury." *People v Marshall,* 74 Mich App 523, 526; 255 NW2d 351 (1977). It is a crime against a person that focuses both on the culpable nature of the defendant's actions and on the resultant harm. *People v Crawford,* 187 Mich App 344, 350; 467 NW2d 818 (1991).

The language of the statute suggests that its primary purpose is the protection of individuals from crippling injuries. Consequently, we believe that there is one unit of prosecution that arises whenever a defendant's reckless driving results in a crippling injury to another. And exposure to multiple counts of felonious driving is possible when a defendant's actions result in crippling injuries to more than one person.

Affirmed.