PEOPLE v LUGO

Docket No. 167470. Submitted October 18, 1995, at Detroit. Decided
December 28, 1995, at 9:35 A.M. Leave to appeal sought.

Gerardo Lugo was convicted by a jury in the Oakland Circuit
Court, Barry L. Howard, J., of assault with intent to do great
bodily harm less than murder, two counts of felonious assault,
resisting a police officer, assault and battery, and possession of
a firearm during the commission of a felony. The defendant
pleaded guilty of being an habitual offender, second offense, and
was sentenced as an habitual offender to eight to fifteen years
of imprisonment. The defendant appealed.

The Court of Appeals *held:*

1. By not raising it in the trial court, the defendant has
waived appellate review of the claim that the prosecutor
abused his discretion by overcharging the defendant with mul-
tiple assault charges based on a single encounter with police
officers who had shown up at his place of employment to
question him about involvement in an illegal entry and mali-
cious destruction of property.

2. The trial court did not abuse its discretion by denying the
defendant's motion for a mistrial based on a police officer's
testimony regarding the reason for the police officers' presence
at the defendant's workplace. The officer gave no details of the
illegal entry and malicious destruction of property, the prose-
cutor did not deliberately attempt to elicit improper testimony
from the officer, and the trial court cautioned the jury not to
speculate about matters that occurred before the police arrived
at the defendant's workplace.

3. The defendant's convictions do not violate the double
jeopardy protection against multiple punishment. Distinct so-
cietal concerns are addressed by the statute proscribing resist-

REFERENCES

Am Jur 2d, Appellate Review §§ 664, 695, 697; Assault and Battery
§§ 48, 51, 53; Criminal Law § 552; Habitual Criminals § 6; Homi-
cide § 569; Indictments and Informations § 292; Trial §§ 1706,
1711.

See ALR Index under Appeal and Error; Assault and Battery;
Habitual Criminals and Subsequent Offenders; Homicide; Indict-
ments and Informations; Mistrial.

ing a police officer and by the various assault statutes involved in this case. The assault convictions related to distinct events during the defendant's encounter with the police. The assault and battery was for shoving a police officer, the two counts of felonious assault were for striking two police officers with a broom, and the assault with intent to do great bodily harm less than murder was for pointing a gun at an officer.

4. The trial court did not abuse its discretion in admitting the testimony of the police officer at whom the defendant pointed a gun that the officer was afraid for his life during the struggle for the gun. The defendant was originally charged with assault with intent to murder, and the officer's testimony was relevant to the question of intent to kill.

5. The prosecutor presented sufficient evidence of the elements necessary to establish assault with intent to commit murder and assault with intent to do great bodily harm less than murder.

6. The defendant was not denied his right of allocution. The trial court complied with MCR 6.425(D)(2)(c) by inquiring, on the record, whether the defendant wished to address the court regarding sentencing. Although the defendant's response to this inquiry was inaudible to the court reporter, there is no evidence that the trial court could not hear or did not listen to the defendant's response.

7. The issue of concurrent or consecutive sentencing for the defendant was addressed by the Court of Appeals in another case brought by the defendant, which was remanded to the trial court for clarification. Unpublished opinion per curiam of the Court of Appeals, issued April 12, 1995 (Docket No. 167469). The sentence in this case is proportionate to the seriousness of the circumstances surrounding the offenses and the offender.

Affirmed.

1. CRIMINAL LAW — OVERCHARGING BY PROSECUTOR — APPEAL.

A defendant who does not raise the issue in the trial court waives appellate review of a claim that the prosecutor overcharged the defendant.

2. CRIMINAL LAW — MOTIONS FOR MISTRIAL — APPEAL.

A motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of a defendant and impairs the defendant's ability to receive a fair trial; the grant or denial of such a motion is reviewed on appeal for abuse of discretion.

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — APPEAL.

A claim of double jeopardy is reviewed de novo on appeal.

4. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISH-
   MENT.
   Cumulative punishment of the same conduct does not violate the
   prohibition against double jeopardy where such punishment is
   intended by the Legislature.

5. CRIMINAL LAW — EVIDENCE — APPEAL.
   The decision whether to admit or exclude evidence at trial is
   within the trial court's discretion; the Court of Appeals finds an
   abuse of that discretion only where an unprejudiced person,
   considering the facts on which the trial court acted, would say
   there was no justification or excuse for the ruling made.

6. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE FOR CONVICTION —
   APPEAL.
   The Court of Appeals, when ascertaining whether sufficient evi-
   dence was presented at trial to support a conviction, views the
   evidence in a light most favorable to the prosecution and
   determines whether a rational trier of fact could find that the
   essential elements of the crime were proved beyond a reason-
   able doubt.

7. CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT MURDER —
   ELEMENTS.
   The elements of the crime of assault with intent to commit
   murder are an assault, with an actual intent to kill, which, if
   successful, would make the killing murder (MCL 750.83; MSA
   28.278).

8. CRIMINAL LAW — ASSAULT WITH INTENT TO DO GREAT BODILY
   HARM LESS THAN MURDER — ELEMENTS.
   The elements of the crime of assault with intent to do great
   bodily harm less than murder are an attempt or offer with
   force or violence to do corporeal hurt to another (an assault),
   coupled with an intent to do great bodily harm less than
   murder (MCL 750.84; MSA 28.279).

9. SENTENCES — SENTENCING GUIDELINES — HABITUAL OFFENDERS.
   The Michigan Sentencing Guidelines do not apply to habitual
   offenders.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *John S. Pallas,* Assistant Prosecuting Attorney, for the people.

*Hoare and Lyda* (by *Madelaine P. Lyda*), for the defendant on appeal.

Before: BANDSTRA, P.J., and CAVANAGH and H. A. BEACH,* JJ.

PER CURIAM. Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, two counts of felonious assault, MCL 750.82; MSA 28.277, resisting a police officer, MCL 750.479; MSA 28.747, assault and battery, MCL 750.81; MSA 28.276, and possession of a firearm during the commission or attempted commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant subsequently pleaded guilty of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to five to ten years' imprisonment for the conviction of assault with intent to do great bodily harm less than murder, two to four years' imprisonment for each conviction of felonious assault, one to two years' imprisonment for the conviction of resisting a police officer, ninety days' imprisonment for the conviction of assault and battery, and two years for the felony-firearm conviction. The sentences for the underlying offenses were then vacated, and defendant was sentenced as an habitual offender to eight to fifteen years' imprisonment. We affirm.

On November 21, 1992, Officer William Wells of the Pontiac police responded to a call to investigate a complaint of illegal entry and malicious destruction of personal property at an address on C Street. Wells was told that defendant might have been involved in the incident and Wells was given a physical description of defendant. Wells located defendant at the gas station where he

---

* Circuit judge, sitting on the Court of Appeals by assignment.

worked and informed him that Wells was investigating the C Street incident. Defendant denied any involvement in or knowledge of the incident.

Wells asked defendant for some identification. Defendant swore at Wells and pushed him back several feet against a door. Wells then told defendant that he was going to place defendant under arrest for assaulting a police officer. Defendant again swore at Wells and attempted to push him out the door. Because defendant was a large man, Wells decided to call for backup.

After Officer Mark Peters arrived, Wells again advised defendant that he was under arrest and gave him the opportunity to go peacefully. Defendant refused and took several steps backward. Wells and Peters approached defendant and tried to push him into a corner so they could handcuff him. Defendant immediately began striking the officers, and they were unable to subdue him, even with the use of Wells' baton.

Peters then sprayed defendant with pepper spray. However, instead of debilitating defendant, the pepper spray only resulted in enraging him. Defendant picked up a broom and began swinging it wildly at the officers. Although defendant hit both officers with the broom, after a time he began to direct his blows exclusively at Wells. After forcing Wells to back up, defendant struck him on the head three times; the third blow caused the broomstick to break in half. Wells fell backward, leaving his gun exposed. Defendant dropped the broom and grabbed Wells' gun. Defendant pulled on the gun with such force that at one point he actually lifted Wells off the ground. Defendant finally managed to remove the gun from its holster and then, using both hands, he shoved the gun into Wells' abdomen just below Wells' bulletproof vest. Wells managed to cup his hands around the

trigger. Defendant attempted to force his fingers onto the trigger, but as they struggled Wells managed to knock the gun away. While Peters blocked defendant, Wells was able to retrieve the weapon.

Peters then struck defendant on the head with a flashlight. Although defendant was momentarily stunned, he soon resumed fighting. Finally, after additional officers arrived, the police managed to overcome defendant and take him into custody.

I

In his first issue, defendant contends that the prosecutor abused his discretion by overcharging defendant with multiple assault charges based on one continuous incident of assault and resistance of arrest. However, defendant did not raise this issue in the trial court; an objection at the appellate level "comes far too late." *People v Stevens,* 130 Mich App 1, 4; 343 NW2d 219 (1983); see *People v Grant,* 445 Mich 535, 546; 520 NW2d 123 (1994). We note, however, that defendant's arguments regarding this issue are essentially identical to those regarding the double jeopardy issue discussed *infra.*

II

Defendant next argues that the trial court erred in denying defendant's motion for a mistrial following Wells' testimony. This Court reviews a trial court's grant or denial of a mistrial for an abuse of discretion. A motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs the defendant's ability to get a fair trial. *People v Haywood,* 209 Mich App 217, 228; 530 NW2d 497 (1995).

The parties agreed that evidence regarding the

prior incident on C Street was not relevant; however, the police were permitted to explain why they went to the gas station and why they acted as they did. Wells testified that he had probable cause to believe that defendant had been involved in the prior incident based on both interviews with witnesses and physical evidence. Defendant then moved for a mistrial. The trial court denied defendant's motion, but instructed the jury that it was not to make any inferences regarding, or speculate about, the matters that occurred before Wells' arrival at the gas station.

We find no abuse of discretion. As the trial court observed, Wells' testimony did not give any details about what took place at C Street. Moreover, there is no evidence that the prosecutor deliberately attempted to elicit improper testimony. We find that the trial court's curative instruction to the jury was sufficient to cure any prejudice to defendant.

III

Defendant also argues that the convictions of assault with intent to do great bodily harm, felonious assault, assault and battery, and resisting arrest were based on the same conduct and therefore violate the prohibitions under the Double Jeopardy Clauses of the United States and Michigan Constitutions of multiple punishment.

Although defendant did not raise this issue in the trial court, we will review it because it involves a significant constitutional question. *People v Harrington,* 194 Mich App 424, 427; 487 NW2d 479 (1992). A double jeopardy issue constitutes a question of law that is reviewed de novo on appeal. *People v White,* 212 Mich App 298, 304-305; 536 NW2d 876 (1995).

In the multiple punishment context, both the

federal and state Double Jeopardy Clauses[1] seek to ensure that the total punishment does not exceed that authorized by the Legislature. *People v Whiteside,* 437 Mich 188, 200; 468 NW2d 504 (1991), cert den 502 US 889 (1992); *People v Sturgis,* 427 Mich 392, 399-400; 397 NW2d 783 (1986). Because the power to define crime and fix punishment is wholly legislative, the Double Jeopardy Clauses are not a limitation on the Legislature, and the Legislature may specifically authorize penalties for what would otherwise be the "same offense." *Id.* at 400; *People v Ayers,* 213 Mich App 708, 716; 540 NW2d 791 (1995). Cumulative punishment of the same conduct does not necessarily violate the prohibition against double jeopardy under either the federal system or the state system. The determinative inquiry is whether the Legislature intended to impose cumulative punishment for similar crimes. *People v Robideau,* 419 Mich 458, 485; 355 NW2d 592 (1984); *Ayers, supra.*

Determination of legislative intent involves traditional considerations of the subject, language, and history of the statutes. *Robideau, supra* at 486; *Ayers, supra* at 718. The court should consider whether each statute prohibits conduct violative of a social norm distinct from the norm protected by the other, the amount of punishment authorized by each statute, whether the statutes are hierarchical or cumulative, and any other factors indicative of legislative intent. *Robideau, supra* at 487-488; *Ayers, supra* at 718-719.

Defendant contends that his convictions of assault with intent to do great bodily harm less than murder, two counts of felonious assault, resisting a police officer, and assault and battery constitute multiple punishment for a single continuing as-

---

[1] US Const, Am V; Const 1963, art 1, § 15.

sault in violation of the prohibition against double jeopardy.

Defendant relies on this Court's decision in *People v Hale (On Remand)*, 103 Mich App 273; 303 NW2d 17 (1981), rev'd on other grounds 411 Mich 1002 (1981). In *Hale*, a police officer attempted to arrest the defendant for drunken and disorderly conduct. The defendant struck the officer with his fist, kicked him, and then locked himself in his car. The officer, with the aid of reinforcements, managed to open the car and remove the defendant; however, in doing so, defendant kicked him four or five times. *Id.* at 276. This Court held that defendant's actions constituted a continuing assault that was part of a single criminal transaction; therefore, the convictions of both resisting arrest and felonious assault violated the constitutional prohibition against double jeopardy. *Id.* at 276-277.

We believe that *Hale* must be reevaluated in light of the Supreme Court's decisions in *Robideau* and subsequent cases. Before *Robideau*, courts analyzed multiple punishment double jeopardy claims using either the *Blockburger* [2] "required evidence" test, which asks whether each statute requires proof of a fact that the other does not, or an "actual evidence" test, which focuses on whether the same proofs are used to establish the elements of each offense. *Ayers, supra* at 717. The *Hale* panel apparently relied on these approaches, because it concluded, with minimal analysis, that the defendant's right to be free from double jeopardy was violated by the convictions of both resisting arrest and felonious assault for one continuing assault. *Hale, supra* at 276-277.

We find that the convictions of both resisting

[2] *Blockburger v United States*, 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932).

arrest and the various assault offenses do not violate the double jeopardy protection against multiple punishments. The resisting arrest statute is intended to prevent interference with an arrest. *People v Chatfield,* 143 Mich App 542, 546; 372 NW2d 611 (1985). The assault statutes, however, are clearly intended to punish crimes against persons. Because two different interests are protected, there is no double jeopardy violation. See *Robideau, supra* at 485; *Ayers, supra* at 717-718. In fact, this Court has previously held that a defendant is not placed in double jeopardy as the result of convictions of assault and battery and interfering with a police officer. *City of Westland v Okopski,* 208 Mich App 66, 78; 527 NW2d 780 (1994).

We now turn our attention to defendant's various assault convictions. At the outset, we note that the assault and battery conviction was based on defendant's action in shoving Wells after the latter asked to see some identification. Wells then told defendant that he was under arrest. Thus, the assault and battery was complete at that time. There is no violation of double jeopardy protections if one crime is complete before the other takes place, even if the offenses share common elements or one constitutes a lesser offense of the other. *People v Swinford,* 150 Mich App 507, 515; 389 NW2d 462 (1986).

Defendant was convicted of two counts of felonious assault for striking Wells and Peters with the broom. Where two persons are assaulted, there are two separate offenses. *People v Winquest,* 115 Mich App 215, 218; 320 NW2d 346 (1982). Hence, the two felonious assault convictions, based on assaults on two different persons, do not constitute a double jeopardy violation.

Finally, defendant was convicted of assault with intent to do great bodily harm less than murder

for pointing a gun at Wells and struggling with him for control of the trigger. Defendant contends that it was error to convict him of both felonious assault and assault with intent to do great bodily harm with respect to Wells because his actions constituted one continuing assault. We disagree. Defendant assaulted Wells with the broom, then dropped the broom and seized Wells' gun. Because the act resulting in the felonious assault conviction was complete before the act leading to the assault with intent to do great bodily harm occurred, there is no violation of double jeopardy protections. *People v Santana,* 139 Mich App 484, 498; 363 NW2d 702 (1984); *Swinford, supra.*

Accordingly, we hold that defendant's convictions do not violate the double jeopardy protection against multiple punishments.

IV

Defendant next asserts that the admission of Wells' testimony that he was afraid that he would die during the struggle constitutes error requiring reversal. The decision whether to admit or exclude evidence is within the trial court's discretion. This Court will find an abuse of discretion only when an unprejudiced person, considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling made. *People v McAlister,* 203 Mich App 495, 505; 513 NW2d 431 (1994).

We find no abuse of discretion. Defendant was charged with assault with intent to commit murder. MCL 750.83; MSA 28.278. The prosecution thus was attempting to prove that defendant intended to kill Wells. See *People v Barclay,* 208 Mich App 670, 674; 528 NW2d 842 (1995). Intent may be inferred from all the facts and circum-

stances. *People v Wolford,* 189 Mich App 478, 480; 473 NW2d 767 (1991). Therefore, the victim's perception of the events, while not dispositive of the issue, was nonetheless relevant.

v

Defendant next argues that there was insufficient evidence presented at trial of the elements of assault with intent to commit murder and assault with intent to do great bodily harm less than murder. Defendant asserts that the prosecution failed to present sufficient evidence of intent for either offense.

When ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508, 515; 489 NW2d 748 (1992). Circumstantial evidence and reasonable inferences arising from the evidence may be sufficient to prove the elements of a crime. *People v McKenzie,* 206 Mich App 425, 428; 522 NW2d 661 (1994).

The elements of the crime of assault with intent to commit murder are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. *Barclay, supra* at 674. The elements of the crime of assault with intent to do great bodily harm less than murder are (1) an attempt or offer with force or violence to do corporeal hurt to another (an assault), (2) coupled with an intent to do great bodily harm less than murder. *People v Harrington,* 194 Mich App 424, 428; 487 NW2d 479 (1992).

Defendant was acquitted of the charge of assault

with intent to commit murder. Nevertheless, he argues that it was error to submit the charge to the jury because of the possibility of a compromise verdict. However, because defendant did not move for a directed verdict with respect to this charge, this issue has not been preserved for appellate review. See MCR 6.419.

Even if this issue were preserved, we would find that the prosecution presented enough evidence to establish the intent element for assault with intent to commit murder. Likewise, the prosecution presented adequate evidence to support the conviction of assault with intent to do great bodily harm. Defendant struck Wells on the head with a broom handle several times. After Wells, slightly dazed, fell to the floor, defendant seized Wells' gun and pushed it into Wells' abdomen, just below the latter's bulletproof vest. Defendant and Wells struggled for control of the trigger before Wells was able to knock the gun away. Viewing these facts in the light most favorable to the prosecution, a reasonable factfinder could conclude that defendant intended to kill or to do great bodily harm less than murder.

VI

Defendant contends that resentencing is required because he was not properly afforded his right of allocution. At sentencing, a trial court must on the record give the defendant an opportunity to advise the court of any circumstances that the defendant believes the court should consider in imposing sentence. MCR 6.425(D)(2)(c); *People v Westbrook*, 188 Mich App 615, 616; 470 NW2d 495 (1991). Strict compliance with a defendant's right of allocution is required, and the court must specifically ask the defendant separately if he wishes to

address the court. *People v Berry,* 409 Mich 774, 781; 298 NW2d 434 (1980); *Westbrook, supra* at 617.

The following exchange is recorded in the transcript of the sentencing hearing:

> *The Court:* Mr. Lugo, anything to say?
> *Defendant:* (Inaudible).

The trial court complied with MCR 6.425(D)(2)(c) by specifically inquiring, on the record, whether defendant wished to address the court regarding the sentence to be imposed. While defendant's response was inaudible to the court reporter, there is no evidence that the trial court could not hear or did not listen to defendant's answer. Therefore, resentencing is not required.

## VII

Defendant complains of two sentencing errors. First, defendant argues that the trial court erred in imposing consecutive sentences for the convictions in the present case and the convictions based on the C Street incident. A panel of this Court has already concluded that the trial court's intention with respect to concurrent or consecutive sentences was unclear. However, this Court found that consecutive sentences would be improper and remanded for clarification and, if necessary, correction of the sentences. *People v Lugo,* unpublished opinion per curiam of the Court of Appeals, issued April 12, 1995 (Docket No. 167469).

Defendant also argues that his sentences are disproportionate. This Court reviews a defendant's sentence for an abuse of discretion. *People v McCrady,* 213 Mich App 474, 483; 540 NW2d 718 (1995). We find no abuse of discretion. Although

defendant contends that the trial court abused its discretion in imposing a sentence outside the guidelines, the guidelines do not apply to habitual offender convictions. *People v Chandler,* 211 Mich App 604, 615; 536 NW2d 799 (1995). Defendant's sentences are proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990).

Affirmed.