PEOPLE v McCLAIN

Docket Nos. 176388, 176389. Submitted April 17, 1996, at Grand Rapids.
    Decided September 6, 1996, at 9:10 A.M.

    Stephen R. McClain pleaded guilty in the Kent Circuit Court, Dennis
    B. Leiber, J., of two counts of delivery of less than fifty grams of
    heroin. The counts had been charged in separate cases, and the
    defendant had been released on two bonds. The defendant failed to
    appear for a sentencing hearing that had been scheduled for both
    cases. The defendant eventually pleaded guilty of two counts of
    absconding on bond and was sentenced to consecutive terms of
    imprisonment of five to twenty years and 6⅔ to 20 years for the
    heroin convictions and to concurrent terms of one to four years for
    the absconding convictions, with the concurrent terms for the
    absconding convictions to be served consecutively to one of the
    sentences for the heroin convictions. The defendant filed an appeal
    regarding the proportionality of the sentences for the heroin con-
    victions and an appeal regarding the double jeopardy implications
    of the absconding convictions. The appeals were consolidated.

    The Court of Appeals held:

    1. The minimum sentences for the heroin convictions are within
    the range recommended by the sentencing guidelines and therefore
    are presumptively appropriate. There is nothing in the record to
    overcome this presumption.

    2. Legislative intent is the beginning and the end of the inquiry
    into what constitutes a single crime or offense under a particular
    statute. The statute governing absconding on bond, MCL 750.199a;
    MSA 28.396(1), provides that a person who absconds on or forfeits
    a bond given in any criminal proceeding involving a felony commits
    the crime of absconding on bond. In this case, the double jeopardy
    protection against multiple punishment for one offense is not impli-
    cated because the defendant absconded on two bonds and was
    subject to conviction and sentence for two violations of the
    absconding on bond statute.

    Affirmed.

CRIMINAL LAW — ABSCONDING ON BOND — CONSTITUTIONAL LAW — DOUBLE
    JEOPARDY.

The statute that makes it a crime to abscond on or forfeit a bond given in a criminal proceeding involving a felony focuses on the bond set and forfeited; the double jeopardy prohibition against multiple punishment for one offense is not violated where a person who absconds on multiple bonds by failing to appear at a single hearing set for sentencing on the multiple offenses for which the bonds were set is convicted of multiple counts of absconding on bond (US Const, Am V; Const 1963, art 1, § 15; MCL 750.199a; MSA 28.396[1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

*Patricia S. Slomski*, for the defendant on appeal.

Before: McDONALD, P.J., and MARKMAN and C. W. JOHNSON,* JJ.

McDONALD, P.J. In this appeal as of right, defendant challenges his convictions and sentences of five to twenty years' imprisonment and 6⅔ to 20 years' imprisonment for two separate cases of delivery of less than fifty grams of heroin, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), which sentences were ordered to be served consecutively. Defendant also challenges his convictions of absconding on bond, MCL 750.199a; MSA 28.396(1), in two separate cases that were based on defendant's failure to appear for sentencing in the two heroin cases. Defendant was sentenced to concurrent terms of one to four years' imprisonment for the two absconding on bond convictions, to be served consecutively to one of the sentences for the heroin convictions. We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant first claims his consecutive terms of imprisonment for the heroin convictions are excessive and violate the spirit of *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). We disagree. Although defendant improperly looks to the cumulative length of his sentence to argue the minimum sentences are disproportionate, *People v Hardy*, 212 Mich App 318; 537 NW2d 267 (1995), we note the total minimum sentence of 11⅔ years for the two offenses nonetheless falls within the guidelines' minimum sentence range. A sentence within the guidelines is presumptively appropriate. *People v Warner*, 190 Mich App 734; 476 NW2d 660 (1991). There is nothing in this record to overcome this presumption. Defendant's failure to address the merits of his claims of alleged "sentence entrapment" and "separation of powers" violations in his brief on appeal constitutes abandonment of the issues. *People v Kent*, 194 Mich App 206; 486 NW2d 110 (1992); *People v Weathersby*, 204 Mich App 98; 514 NW2d 493 (1994).

Defendant next claims his conviction of two counts of absconding on bond arising out of his failure to appear at a single sentencing hearing violates the prohibition against double jeopardy. We disagree.

At issue is the double jeopardy prohibition against multiple punishment for the same offense under US Const, Am V and Const 1963, art 1, § 15. In this multiple punishment context, both the federal and state clauses seek to ensure that the total punishment does not exceed that authorized by the Legislature. *People v Lugo*, 214 Mich App 699; 542 NW2d 921 (1995). Where the double jeopardy issue requires a determination of what constituted a single crime or offense under a particular statute, legislative intent is the

beginning and the end of the inquiry. *People v Mathews*, 197 Mich App 143; 494 NW2d 764 (1992). The determination of legislative intent involves traditional consideration of the subject, language, and history of the statute. *Lugo, supra.* A court must identify the type of harm the Legislature sought to prevent and the amount of punishment authorized by it. *People v Ward*, 206 Mich App 38; 520 NW2d 363 (1994); *People v Spivey*, 202 Mich App 719; 509 NW2d 908 (1993). The convictions in the instant case were for two separate charges of absconding on bond, MCL 750.199a; MSA 28.396(1). The statute in question states:

> Any person who shall abscond on or forfeit a bond given in any criminal proceedings wherein a felony is charged shall be deemed guilty of a felony. Any person who shall abscond on or forfeit a recognizance or cash deposit made in lieu thereof in paternity proceedings pursuant to the provisions of Act No. 205 of the Public Acts of 1956, as amended, being sections 722.711 to 722.730 of the Compiled Laws of 1948, shall be guilty of a felony. [MCL 750.199a; MSA 28.396(1).]

The punishment for a violation of the statute is imprisonment of not more than four years, a fine of not more than $2,000, or both.

We note the statute does not focus on the act of failing to appear for a court proceeding or say any person who fails to appear at a subsequent proceeding is guilty of a felony; instead it says that any person who absconds on or forfeits a *bond given in any criminal proceeding* involving a felony has committed the crime of absconding on bond. The crime focuses on the bond set and forfeited. Here defendant forfeited two separate bonds, albeit through one act.

We find this case analogous to *Mathews, supra.* In *Mathews,* a panel of this Court held a defendant who in a single act of grossly negligent operation of a motor vehicle caused a crippling injury to two people could be convicted of two counts of felonious driving. Considering the purpose of the statute to be the protection of individuals from crippling injuries, the Court found: "[T]here is one unit of prosecution that arises whenever a defendant's reckless driving results in a crippling injury to another. Exposure to multiple counts of felonious driving is possible when a defendant's actions result in crippling injuries to more than one person." *Id.,* p 145. Likewise in *People v Vandelinder,* 192 Mich App 447; 481 NW2d 787 (1992), a defendant who in one act offered an undercover police officer money to kidnap, rape, and possibly murder his estranged wife was properly convicted of three courts of solicitation, to murder, kidnap, and commit first-degree criminal sexual conduct. Although the defendant argued on appeal convictions for all three solicitations was precluded by double jeopardy, this Court found the defendant had distinct motives for each crime and, notwithstanding the solicitations occurred in a single conversation with one solicitor and one person solicited, each solicitation could be separately punished. *Id.,* p 453.

In two separate criminal cases defendant was released on bond pending resolution of the cases. When defendant failed to appear for sentencing, he absconded on two separate bonds. We conclude defendant was properly charged with and convicted of two counts of absconding on bond and that no vio-

lation of his right to be free from double jeopardy occurred.

Affirmed.