# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRYAN MAY,

Defendant-Appellant.

UNPUBLISHED
September 22, 2015

No. 321883
Wayne Circuit Court
LC No. 13-009806-FH

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of assault of a pregnant individual causing death to the fetus, MCL 750.90b(a), assault with intent to do great bodily harm less than murder, MCL 750.84, and aggravated domestic violence, MCL 750.81a(2). We affirm.

This case arises from a series of assaults defendant committed against his pregnant girlfriend who was approximately five months pregnant. Over the course of several days, defendant pushed her; punched her repeatedly in the stomach while forcing her to hold her hands behind her head; punched her numerous times in the legs and back; slammed her to the floor at least three times; beat her on the legs, hand, arms, and back with a piece of plywood; and refused to take her to the hospital when she complained of stomach pain.

Defendant first argues that his convictions of assault with intent to do great bodily harm less than murder and assault of a pregnant individual causing death to the fetus constitute the same offense for double-jeopardy purposes because the elements of both offenses are the same. After review of this unpreserved claim for plain error, we disagree. See *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005).

The United States and Michigan Constitutions protect a person from being twice placed in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15. One of the protections afforded by the Double Jeopardy Clause is that it prevents a criminal defendant "from being sentenced to more punishment than the Legislature intended." *Meshell*, 265 Mich App at 628. Thus, if it is evident that the Legislature intended to authorize cumulative punishment of the same conduct under two different statutes, the double jeopardy challenge fails. *People v Calloway*, 469 Mich 448, 451; 671 NW2d 733 (2003) (citations omitted); *People v Denio*, 454 Mich 691, 709; 564 NW2d 13 (1997). To determine if the Legislature intended to authorize cumulative punishment, factors to consider, in addition to the traditional considerations

of language and history, include whether the statutes prohibit conduct violative of distinct social norms or even the same social norms but in a different manner, as well as the amount of punishment authorized by the statutes. *Id*. at 708 (citation omitted).

The fetal protection act, MCL 750.90b, prohibits assault of a pregnant individual and provides:

A person who intentionally commits conduct proscribed under [MCL 750.81 to 750.89] against a pregnant individual is guilty of a crime as follows:

(a) If the conduct results in a miscarriage or stillbirth by that individual, or death to the embryo or fetus, a felony punishable by imprisonment for not more than 15 years or a fine of not more than $7,500.00, or both.

MCL 750.84, in turn, prohibits assault with intent to do great bodily harm less than murder, and provides:

(1) A person who does either of the following is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $5,000.00, or both:

(a) Assaults another person with intent to do great bodily harm, less than the crime of murder.

* * *

(3) This section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same conduct as the violation of this section.

Defendant's double-jeopardy challenge fails because the Legislature clearly expressed its intent to subject a defendant to multiple punishments for conduct that violates both MCL 750.90b and MCL 750.84. MCL 750.90b punishes assaultive conduct against a pregnant women that results in death of an embryo or fetus, which illustrates the Legislature's intent to punish individuals who harm the unborn. *People v Kurr*, 253 Mich App 317, 322; 654 NW2d 651 (2002). MCL 750.84, on the other hand, punishes assaultive conduct against another person. *People v Harrington*, 194 Mich App 424, 429; 487 NW2d 479 (1992). The focus is on the injury to the individual, rather than the injury to her fetus. Clearly, then, two different interests are protected by MCL 750.84 and MCL 750.90b and multiple punishments are expressly authorized. See *People v Lugo*, 214 Mich App 699, 708; 542 NW2d 921 (1995). Accordingly, defendant's double-jeopardy challenge is without merit.

Defendant next contends that the trial court erroneously assigned 10 points to prior record variable (PRV) 7 as a result of the double-jeopardy violation discussed above and that his sentence was, therefore, based on incorrect information. We disagree.

Prior record variable 7 should be scored at 10 points if the offender has one subsequent or concurrent felony conviction. MCL 777.57(1)(b). As discussed above, defendant's double-

jeopardy challenge fails. Thus, PRV 7 was properly scored at 10 points for defendant's concurrent convictions of assault of a pregnant individual causing death to the fetus, and assault with intent to do great bodily harm less than murder.

Finally, defendant argues that he was denied the effective assistance of counsel because his attorney failed to object to the charges, and convictions, of assault with intent to do great bodily harm less than murder and assault of a pregnant individual resulting in death of the fetus. We disagree.

To establish a claim of ineffective assistance of counsel, a defendant must show that his attorney's performance was objectively unreasonable and that he was prejudiced by the deficient performance. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). Defense counsel, however, is not required to make a meritless objection. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014). And in this case, as discussed above, an objection to defendant being charged with, and convicted of, assault with intent to do great bodily harm less than murder and assault of a pregnant individual resulting in death of the fetus would have been meritless. Accordingly, defendant's ineffective assistance claim is without merit.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad

-3-