*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GERALD RAYNARD FULLER,

Defendant-Appellant.

UNPUBLISHED
January 21, 2020

No. 345500
Wayne Circuit Court
LC No. 18-002067-01-FH

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of assault, MCL 750.81(1), and one count of resisting or obstructing a police officer ("resisting or obstructing"), MCL 750.81d(1). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 93 days in jail for each of the assault convictions and 58 months to 15 years' imprisonment for the resisting or obstructing conviction. We affirm defendant's convictions, but vacate his sentences and remand for resentencing.

## I. RELEVANT FACTUAL BACKGROUND

This case arises from defendant's assaults of a female victim and his subsequent resistance of police officers while being arrested, on February 18, 2018, in Detroit, Michigan. The victim testified that she was walking along Schoolcraft Road when defendant used his motor vehicle to pin her against a fence. Defendant got out of the car, grabbed ahold of the collar of the victim's coat, and threw her to the ground. Defendant then got on top of the victim. Defendant and the victim began "tussling." Defendant grabbed the victim's coat, which was zipped down to her knees, and he tried to pull the coat apart and open it. In particular, defendant was grabbing at the chest area of the victim's coat and trying to rip the coat open. The victim thought that defendant was trying to rape her, and she began yelling, "Help." Two other vehicles pulled up, and an occupant of one of the vehicles got out of the car. Defendant stood up, and the victim noticed that defendant's pants were halfway down his thighs and that she could see his naked buttocks. Defendant got in his car and drove off.

A car chase then ensued in which the drivers of the two cars that had come upon the scene pursued defendant's vehicle. The victim rode in one of the pursuing vehicles. Defendant parked his car in a liquor store parking lot and then fled on foot. Police officers later arrived in the area and arrested defendant at a gas station. Defendant resisted various instructions of the police officers while he was being taken into custody. An unused condom in its wrapper was found on the driver's seat of defendant's vehicle.

Defendant was charged with, among other things, assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1), and assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2), but for each of those charges, the jury found defendant guilty of the lesser included offense of assault. Defendant was also charged with resisting or obstructing, and the jury found him guilty of that offense.

At sentencing, defense counsel agreed that there was evidence at trial of two separate assaults and that defendant could thus be sentenced on both assault convictions. Also, the trial court noted in its sentencing decision that it found, by a preponderance of the evidence, that defendant committed assault with intent to commit criminal sexual conduct involving sexual penetration and assault with intent to commit second-degree criminal sexual conduct, even though the jury had acquitted defendant of those charges. This appeal followed.

## II. SENTENCING BASED ON ACQUITTED CONDUCT

Defendant first argues that the trial court erred in basing its sentencing decision on acquitted conduct. We agree.

This issue presents a constitutional question, which is reviewed de novo. *People v Beck*, 504 Mich ___; ___ NW2d ___ (2019) (Docket No. 152934); slip op at 10-11, cert pending.

In *Beck*, ___ Mich at ___; slip op at 2, our Supreme Court held that a trial court at sentencing may not base a sentence on the trial court's finding that a defendant engaged in conduct for which the jury acquitted the defendant. "Once acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime." *Id*. In other words, "due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *Id*. at 22. Because the trial court in *Beck* had "relied at least in part on acquitted conduct when imposing sentence for the defendant's conviction" in that case, our Supreme Court vacated the defendant's sentence and remanded the case to the trial court for resentencing. *Id*. at 2-3.

In the present case, the trial court's comments at sentencing indicate that the court based defendant's sentences, at least in part, on conduct of which the jury acquitted him. In particular, the court found by a preponderance of the evidence that defendant committed the charged offenses of assault with intent to commit criminal sexual conduct involving sexual penetration and assault with intent to commit second-degree criminal sexual conduct, even though the jury acquitted defendant of those charges and, with respect to each of those charges, found him guilty of the lesser included offense of assault. Because the trial court relied at least in part on acquitted conduct when sentencing defendant, this Court is required under *Beck* to vacate defendant's sentences and to remand the case to the trial court for resentencing. *Id*. at 2-3, 22.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that he was denied the effective assistance of counsel when defense counsel agreed at sentencing that there was evidence at trial of two assaults and that defendant could thus be sentenced for each assault conviction. We disagree.

To preserve a claim of ineffective assistance of counsel, a defendant must move for a new trial or a *Ginther*[1] hearing. *People v Foster*, 319 Mich App 365, 390; 901 NW2d 127 (2017). Defendant did not move for a new trial or a *Ginther* hearing. Because no *Ginther* hearing was held, this Court's review is limited to the existing record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

Whether a defendant was denied the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Findings of fact are reviewed for clear error, and questions of law are reviewed de novo. *Id*.

"To prove that his defense counsel was not effective, the defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that counsel's deficient performance prejudiced the defendant." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (quotation marks, brackets, and citation omitted). To establish prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (quotation marks and citation omitted). "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

The Double Jeopardy Clauses of the United States and Michigan Constitutions protect against placing a defendant twice in jeopardy for a single offense, including multiple punishments for the same offense. US Const, Am V; Const 1963, art 1, § 15; *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004). "There is no violation of double jeopardy protections if one crime is complete before the other takes place, even if the offenses share common elements . . . ." *People v Lugo*, 214 Mich App 699, 708; 542 NW2d 921 (1995). The evidence at trial showed that defendant committed separate and distinct assaults of the victim. "A simple assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). The victim testified that defendant pinned her against a fence with his car. Defendant got out of the car, grabbed ahold of the collar of the victim's coat, and threw her to the ground. Defendant then got on top of the victim, and they began "tussling" on the ground. While they were on the ground, defendant grabbed the victim's coat, which was

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

zipped down to her knees, and he tried to pull the coat apart and open it. In particular, defendant was grabbing at the chest area of the victim's coat and trying to rip the coat open. Overall, the evidence supports a conclusion that defendant committed at least two distinct assaults of the victim.

Hence, the two convictions and sentences for assault did not violate the constitutional prohibitions against double jeopardy. *Lugo*, 214 Mich App at 708. Defense counsel was not ineffective for acknowledging at sentencing that the evidence at trial showed that two assaults occurred and that defendant could thus be sentenced for both assault convictions. Defense counsel is not ineffective for failing to advance a meritless argument. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

We affirm defendant's convictions, but vacate his sentences and remand for resentencing. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ David H. Sawyer
/s/ Kathleen Jansen

-4-