PEOPLE v FELDSCHER

Docket No. 77070. Submitted June 10, 1985, at Lansing.—Decided October 7, 1985. Leave to appeal denied, 424 Mich 891.

Daniel R. Feldscher was convicted of five counts of malicious destruction of personal property, Oakland Circuit Court, Frederick C. Ziem, J. Defendant had been charged with damaging five repossessed automobiles which were stored at a collision shop. Defendant appealed, alleging that conviction on five counts violates the prohibition against double jeopardy. *Held:*

1. The test for double jeopardy in a case involving several counts, each charging an identical offense and arising from one criminal episode, is whether the Legislature intended to permit multiple convictions for violation of the same statute.

2. The language of the statute appears to protect all of an individual's property as one unit. Therefore, there is one "unit of prosecution" arising from a single incident of damage to property of another without regard to the number of items damaged.

3. There was insufficient evidence to prove that the automobiles were the property of more than one owner. Furthermore, even if multiple ownership had been shown, the fact that the damage was done at the same time and place precludes multiple convictions.

4. Defendant's other allegations of error were without merit.

Affirmed in part; four of defendant's convictions vacated and the case remanded for resentencing.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Criminal Law §§ 243 *et seq.*

Conviction or acquittal of one offense, in court having no jurisdiction to try offense arising out of the same set of facts, later charged in another court, as putting accused in jeopardy of later offense. 4 ALR3d 874.

[2] Am Jur 2d, Malicious Mischief §§ 9-11.

See the annotations in the ALR3d/4th Quick Index under Malicious Mischief.

[3] Am Jur 2d, Criminal Law § 277.

Solicitation to commit crime against more than one person or property, made in single conversion, as single or multiple crimes. 24 ALR4th 1324.

1. CRIMINAL LAW — DOUBLE JEOPARDY.

> The test for double jeopardy in a case involving several counts, each charging an identical offense and arising from one criminal episode, is whether the Legislature intended to permit multiple convictions for violation of the same statute.

2. CRIMINAL LAW — MALICIOUS DESTRUCTION OF PROPERTY — MULTIPLE CONVICTIONS — DOUBLE JEOPARDY.

> There is one "unit of prosecution", allowing only one conviction, arising from a single incident in which a defendant wilfully and maliciously damages property belonging to another individual without regard to the number of items actually damaged (MCL 750.377a; MSA 28.609[1]).

3. CRIMINAL LAW — MALICIOUS DESTRUCTION OF PROPERTY — MULTIPLE CONVICTIONS — DOUBLE JEOPARDY

> Separate and distinct offenses are not proven based on separate ownership and multiple convictions of malicious destruction of personal property are not permitted, even where the items damaged belong to several owners, where the damage is done at the same time and place (MCL 750.377a; MSA 28.609[1]).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *L. Brooks Patterson*, Prosecuting Attorney, *Robert C. Williams*, Chief Appellate Counsel, and *John L. Kroneman*, Assistant Prosecuting Attorney, for the people.

*Cooper, Shifman, Gabe, Quinn & Seymour* (by *Philip H. Seymour*), for defendant on appeal.

Before: MACKENZIE, P.J., and HOOD and J. E. MIES,* JJ.

J. E. MIES, J. Defendant was charged with damaging five repossessed automobiles which were stored at a collision shop by General Motors Acceptance Corporation (GMAC). Following a jury trial, defendant was convicted of five counts of malicious destruction of personal property resulting in damage in excess of $100, MCL 750.377a;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.609(1). Defendant was sentenced to three years' probation, with the first six months to be served in county jail, and ordered to pay costs of $400 and make restitution in the amount of $1,186.50. On appeal, defendant argues that his conviction on five counts of malicious destruction of property violates the double jeopardy provisions of the United States and Michigan Constitutions.

The double jeopardy clauses of the Michigan Constitution, Const 1963, art 1, § 15, and the United States Constitution, US Const, Ams V and XIV, protect against multiple prosecutions and punishments for the same offense.[1] The test in a case such as this is whether the Legislature intended to permit multiple convictions for a violation of the same statute. *People v Wakeford,* 418 Mich 95, 111; 341 NW2d 68 (1983). In *Wakeford,* the Supreme Court held that the Legislature intended separate armed robbery convictions for each person robbed under MCL 750.529; MSA 28.797 because the focus of the robbery statute is on the armed assault against a person. The Court distinguished the armed robbery statute from a statute which primarily protects property, such as the larceny statute under which "[t]he appropriate 'unit of prosecution' * * * is the taking at a single time and place without regard to the number of items taken * * *". 418 Mich 112.

Here, defendant was charged and convicted under MCL 750.377a; MSA 28.609(1), which provides:

"Any person who shall wilfully and maliciously destroy or injure the *personal property of another,* by any means not particularly mentioned or described in the

---

[1] Since the record does not show that defendant intentionally abandoned his constitutional rights pertaining to double jeopardy, he is not precluded from presenting his claim on appeal. *People v Cooper,* 398 Mich 450, 454-456; 247 NW2d 866 (1976); *People v Peterson,* 113 Mich App 537, 541; 318 NW2d 233 (1982).

preceding section, if the damage resulting from such injury shall exceed $100.00, shall be guilty of a felony. If the damage done shall be $100.00 or less, such person shall be guilty of a misdemeanor." (Emphasis added.)

The primary purpose of the statute is protection of property. The statute refers to the "property of another" in the singular. While the phrase "property of another" indicates a legislative intent to protect more than one individual item of property, it appears to protect all of an individual's property as one unit. We cannot accept the prosecutor's argument that the appropriate units of prosecution for malicious destruction of property are the number of individual items of damaged property.[2] Conceivably, under this view, hundreds of convictions could arise out of one criminal incident. *Cf. People v Leverette,* 112 Mich App 142, 148; 315 NW2d 876 (1982). Thus, we believe that there is one unit of prosecution arising from a single incident in which a defendant wilfully and maliciously damages property of another without regard to the number of individual items actually damaged.

The prosecutor argues, however, that, because in the present case the automobiles were owned by different individuals at the time they were damaged, multiple counts of malicious destruction of property are appropriate. We disagree. The record only shows that one vehicle, the "Pontiac", was owned by "the customer" and that GMAC had or was in the process of obtaining title to the other four vehicles. Thus, the evidence presented at trial does not resolve the ownership question and, con-

[2] We are not persuaded that *Ebeling v Morgan,* 237 US 625; 35 S Ct 710; 59 L Ed 1151 (1915), is on point with the present case. In *Ebeling,* the Supreme Court held that defendant was properly convicted of six counts of cutting mail pouches under a federal statute which the Court found was meant to protect each and every mailbag from felonious injury. In contrast, our malicious destruction of property statute refers to property of another as one unit.

sequently, the prosecutor failed to prove multiple offenses beyond a reasonable doubt.

More importantly, however, we believe that even if the prosecutor had proven separate ownership, under the facts of the instant case, multiple convictions would be improper. The automobiles in question were damaged at the same time and place. In *People v Johnson,* 81 Mich 573; 45 NW 1119 (1890), the Supreme Court held that the theft of property belonging to different owners, stored on separate floors of a granary, constituted one offense because the items were stolen by the defendant on one occasion at the same time and place. Thus, in a case such as this, where the "time and place so concurred", *Johnson,* p 577, separate and distinct offenses under MCL 750.377a; MSA 28.609(1) are not proven based on separate ownership.[3] We find that under the rationale of *Wakeford* and *Johnson, supra,* separate convictions and punishments violate the prohibition against double jeopardy. Therefore, four of defendant's convictions are vacated, and this case is remanded for resentencing for one conviction of malicious destruction of property.

We have reviewed the remainder of defendant's contentions and find no error requiring reversal. A motion for separate trials must be supported by an affirmative showing of prejudice to substantial rights of the defendant, and we find no abuse of discretion. *People v Moscara,* 140 Mich App 316, 318; 364 NW2d 318 (1985); *People v Holly,* 129 Mich App 405; 341 NW2d 823 (1983). The trial court properly denied defendant's motion for a directed verdict, *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979). Defendant's failure to make a post-trial motion under *People v Pearson,* 404

[3] We would distinguish factual settings in which various items of property are damaged on different occasions.

Mich 698, 723; 273 NW2d 856 (1979), and the absence of manifest injustice, forecloses appellate review of the trial court's ruling on the missing res gestae witness. *People v Davis,* 122 Mich App 597, 605; 333 NW2d 99 (1983).

Affirmed in part, reversed in part, and remanded.