Fitzgerald, J.
 

 Following a jury trial, defendant was convicted of two counts of carjacking, MCL 750.529a, and one count of possession of a firearm during the commission of a felony, MCL 750.227b. He was sentenced to concurrent prison terms of 120 to 240 months for the carjacking convictions and to a mandatory two-year consecutive prison term for the felony-firearm conviction. Defendant appeals as of right. We affirm.
 

 On August 24, 1999, Coy Anderson and his passenger, Hara Hughes, drove in his 1986 Monte Carlo to his sister’s house. Anderson got out of the car and walked toward the house while Hughes remained in the car with the engine running. As Anderson approached the porch of the house, he observed a big, four-door, older model car containing two men drive by. Anderson stepped off the porch and walked toward Hughes when he saw the same car pass by a second time. When the car appeared for the third time, a man with a gun got out of the car.
 

 The man with the gun, identified at trial as defendant, pointed the gun at Anderson and told Anderson
 
 *591
 
 to “get back ‘fore you get killed.” Defendant then pointed the gun at Hughes and told her to get out of the car. As this occurred, the driver of the big car drove away. After Hughes got out of the car, defendant drove off with Anderson’s Monte Carlo.
 

 Approximately four weeks after the car was taken, Anderson was informed by police that some of his property was in an impound yard. Anderson identified some items found inside two other cars as property from his car. A police officer investigating calls placed from Anderson’s stolen cellular phone arrested Eugene Harris, who was later released. However, the officer’s contact with Harris provided information leading to defendant’s arrest and to the location of Anderson’s car. Both Hughes and Anderson identified defendant in a lineup as the man who took Anderson’s car.
 

 i
 

 Defendant argues that his convictions and sentences for two counts of carjacking violate the double jeopardy provisions of the United States and Michigan Constitutions, US Const, Am V; Const 1963, art 1, § 15, because the statute prohibits the taking of cars and only one car was taken. A double jeopardy challenge constitutes a question of law that this Court reviews de novo on appeal.
 
 People v Walker,
 
 234 Mich App 299, 302; 593 NW2d 673 (1999).
 

 In order to avoid forfeiture of this unpreserved constitutional issue on appeal, defendant must show that (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights.
 
 People v Carines,
 
 460 Mich 750, 763;
 
 *592
 
 597 NW2d 130 (1999). Once these three requirements have been satisfied, this Court must then “exercise its discretion in deciding whether to reverse.”
 
 Id.
 
 Reversal is warranted only when the plain, unpreserved error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant’s innocence.
 
 Id.
 

 MCL 750.529a(l) defines the offense of carjacking:
 

 A person who by force or violence, or by threat of force or violence, or by putting in fear robs, steals, or takes “a motor vehicle as defined in section 412 from another person, in the presence of that person or the presence of a passenger or in the presence of any other person in lawful possession of the motor vehicle,” is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years.
 

 In order to sustain a carjacking conviction, the prosecution must prove (1) that the defendant took a motor vehicle from another person, (2) that the defendant did so in the presence of that person, a passenger, or any other person in lawful possession of the motor vehicle, and (3) that the defendant did so either by force or violence, by threat of force or violence, or by putting the other person in fear.
 
 People v Davenport,
 
 230 Mich App 577, 579; 583 NW2d 919 (1998).
 

 The issue whether the double jeopardy clauses of the state and federal constitutions prohibit multiple convictions of carjacking where the defendant took a single car from multiple persons appears to be one of first impression in this state. Both the United States and Michigan Constitutions prohibit placing a defen
 
 *593
 
 dant twice in jeopardy for a single offense. Both double jeopardy clauses incorporate three distinct protections. First, they prohibit a second prosecution of a defendant for the same offense after acquittal. Second, they prohibit a second prosecution of a defendant for the same offense after conviction. Third, they prohibit the imposition of multiple punishments on a defendant for the same offense.
 
 North Carolina v Pearce,
 
 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969);
 
 People v Sturgis,
 
 427 Mich 392, 398-399; 397 NW2d 783 (1996). The present case calls into question the third type of protection.
 

 Where, as here, the double jeopardy issue requires a determination of what constitutes a single crime or offense under a particular statute, “legislative intent is the beginning and end of the inquiry.”
 
 People v Wakeford,
 
 418 Mich 95, 107-108; 341 NW2d 68 (1983). The Legislature’s authority to define a single criminal act or offense is not diminished by the Double Jeopardy Clause because the clause places limitations on prosecutors and courts only, not the Legislature.
 
 Id.
 
 at 108. Hence, the dispositive question is whether the Legislature intended that two convictions for carjacking might result under the circumstances presented in this case.
 

 The rationale for the carjacking statute is explained in the Senate Legislative Analysis, SB 773-781, February 17, 1994:
 

 Historically, a person’s ability to move about freely, without threat or harassment, has been closely guarded under the law. Horse stealing, for instance, carried a very severe punishment in the 19th century when horses were the primary mode of individual travel. In addition, hijacking and skyjacking were criminalized with severe penalties in
 
 *594
 
 response to the advent of those activities and the restrictions and terror that their commission imposes on law-abiding citizens. More recently, there has been a crime trend involving the theft of automobiles by individuals who are either armed or use or threaten physical force or coercion, whether armed or not. Some people feel that, in order to combat this movement effectively, a new felony offense, carrying severe penalties, should be enacted to apply specifically to this type of activity rather than relying on other, more general, charges to prosecute the offenders.
 

 The analysis further explains:
 

 The bill would make it easier for prosecutors to try carjackers and to show that an offender committed a felony. Robbery and assault offenses typically include elements of intent that can make it difficult to prosecute individuals on those charges. As a result, many of those initially charged with armed assault or robbery enter into plea bargain agreements and, consequently, are punished for less serious offenses. . . . Carjacking charges would more likely be tried on their merits rather than plea bargained, because the elements of the proposed offense would be easier to prove than those of robbeiy or assault.
 

 The elements of carjacking are quite similar in relevant respects to those of robbery, with the exception of the element of intent.
 
 [1]
 
 In
 
 Wakeford, supra,
 
 the Court held that the robbing of two cashiers in one grocery store was not a single offense under the armed robbery statute, but two separate and distinct offenses because the appropriate “unit of pros
 
 *595
 
 ecution” is the person assaulted and robbed, not the property taken. The Court stated:
 

 The majority rule appears to be that the theft of several items at the same time and place constitutes a single larceny. See Anno: 37 ALR3d 1407, 1410. However, a taking that constitutes a “single offense” under the larceny statute may give rise to multiple convictions under the armed robbery statute. The appropriate “unit of prosecution” for larceny is the taking at a single time and place without regard to the number of items taken; the appropriate “unit of prosecution” for armed robbery is the person assaulted and robbed.
 

 If the appropriate units of prosecution for armed robbery are the number of persons assaulted and robbed, it does not matter that, had the victim been absent, only one larceny conviction could have been obtained, despite a taking from two different places within a store.
 
 [Wakeford, supra
 
 at 112.]
 

 For purposes of the crime of carjacking, a defendant “takes” a motor vehicle “from” another when he acquires possession of the motor vehicle through force or violence, threat of force or violence, or by putting another in fear.
 
 People v Green,
 
 228 Mich App 684, 695-696; 580 NW2d 444 (1998). Like the armed robbery statute, we find that the carjacking statute is intended to protect persons from assaultive takings. Here, both Anderson and Hughes were subjected to a threat of violence and both were compelled to surrender the vehicle and suffer a loss of transportation. Thus, both are properly deemed victims of the carjacking. Multiple convictions and punishment are proper for each act of violence commit
 
 *596
 
 ted against a separate victim.
 
 [2]
 
 Defendant has failed to establish that an error occurred when he was charged with two counts of carjacking.
 

 n
 

 Defendant next claims that he was denied a fair trial by improper prosecutorial comments during closing arguments. Defendant raised an objection to only one of the allegedly improper comments. The prosecutor immediately retracted the comment and rephrased his statement, and the comment did not deny defendant a fair trial.
 

 To avoid forfeiture of the unpreserved issues, defendant must demonstrate outcome-determinative plain error.
 
 Carines, supra
 
 at 763-764. We have reviewed each of defendant’s unpreserved allegations of improper conduct and find that only one was arguably improper. However, defendant has failed to demonstrate that the comment affected the outcome of the trial and, therefore, this issue is waived.
 

 m
 

 Defendant asserts that he was denied the effective assistance of counsel at trial by counsel’s failure to challenge the validity of the second count of carjacking and counsel’s failure to object to the prosecutor’s allegedly improper comments. To establish this claim, defendant must show that his attorney’s representation fell below an objective standard of reasonable
 
 *597
 
 ness and was so prejudicial that he was denied a fair trial.
 
 People v Toma,
 
 462 Mich 281, 302; 613 NW2d 694 (2000). In light of our conclusions above that defendant was properly convicted of two counts of carjacking and that defendant was not denied a fair trial by allegedly improper prosecutorial comments, this argument is without merit.
 

 Affirmed.
 

 [1]
 

 Robbeiy is a felonious taking of property from another by force, violence, assault, or putting in fear, being unarmed.
 
 People v Randolph,
 
 242 Mich App 417, 419; 619 NW2d 168 (2000), lv gtd 465 Mich 885 (2001). Armed robbery contains the additional element of being armed with a dangerous weapon.
 

 [2]
 

 The state of California, which has a carjacking statute similar to MCL 750.529a, has reached the same conclusion. See, e.g.,
 
 People v Hamilton,
 
 40 Cal App 4th 1137; 47 Cal Rptr 2d 343 (1995).