PEOPLE v BARBER

Docket No. 233315. Submitted February 4, 2003, at Detroit. Decided February 7, 2003, at 9:15 A.M.

Auneray V. Barber was convicted by a jury in the Wayne Circuit Court, Deborah A. Thomas, J., of involuntary manslaughter, burning a dwelling house, and two counts of burning other real property. The convictions were based on a fire that the defendant and two others set in a vacant house, which spread to another vacant house and an occupied house, and the death of a fire fighter while he was battling the fire. The defendant appealed.

The Court of Appeals *held*:

1. Double jeopardy principles were not violated with respect to the defendant's convictions of a single count of burning a dwelling house and two counts of burning other real property stemming from a single fire in which three houses were burned. The relevant statutes are intended to prevent the burning of a dwelling, building, or other real property and, therefore, the proper unit of prosecution in this case is each separate house. The defendant failed to show plain error with regard to this unpreserved constitutional claim.

2. The prosecution's questioning of a codefendant on cross-examination was permissible follow-up inquiry in response to matters raised on directed examination. The defendant waived his claim of error concerning evidence of the codefendant's guilty plea by introducing the evidence himself.

3. The defendant failed to show that the prosecution's alleged erroneous references to the codefendant's guilty plea in the closing argument affected his substantial rights, resulted in the conviction of an actually innocent defendant, or affected the fairness, integrity, or public reputation of the proceedings.

4. Admission of evidence that the defendant was arrested in another state while using an alias did not affect the defendant's substantial rights or warrant reversal of his convictions.

Affirmed.

ARSON — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — BURNING OF MULTIPLE
    BUILDINGS.

> A defendant's convictions of one count of burning a dwelling house
> and two counts of burning other real property do not violate the
> constitutional double jeopardy protections where the convictions
> are based on a single fire started by the defendant in a vacant
> house that spread to a second vacant house and also to an occu-
> pied dwelling; the proper unit of prosecution in such circumstances
> is each separate house (US Const, Am V; Const 1963, art 1, § 15;
> MCL 750.72, 750.73).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Karen M. Woodside*, Assistant Prosecuting Attorney, for the people.

*Ralph C. Simpson* for the defendant on appeal.

Before: MURPHY, P.J., and CAVANAGH and NEFF, JJ.

PER CURIAM. Defendant appeals as of right following his jury trial convictions of involuntary manslaughter, MCL 750.321, burning[1] a dwelling house, MCL 750.72, and two counts of burning other real property, MCL 750.73. He was sentenced to concurrent terms of six to fifteen years' imprisonment for the involuntary manslaughter conviction, six to twenty years' imprisonment for the conviction of burning a dwelling house, and three to ten years' imprisonment for each conviction of burning other real property. We affirm.

---

[1] The terms arson and burning are often used interchangeably with regard to the charges at issue, and no distinction is intended by the use of a particular term with regard to the statutory offenses.

I

Defendant's convictions stem from his involvement in a fire set to a vacant house in Detroit, which spread from that house to another vacant house, and then to an occupied dwelling. Defendant and two others were charged with felony murder,[2] MCL 750.316, after a fire fighter was killed battling the fire. This case was before this Court in a prior interlocutory appeal by the prosecutor[3] and before the Michigan Supreme Court, *People v Reeves*, 448 Mich 1; 528 NW2d 160 (1995), which stated the facts as follows:

> During the preliminary examination, the confessions of each of the defendants was read into the record. Each defendant admitted participation in setting the fire at 8340 Kenney, a dilapidated abandoned house in Detroit.
>
> Defendants admitted that they retrieved a mattress from the backyard at 8340 Kenney, carried it inside, doused the mattress and other furnishings located in the house with charcoal lighter fluid, and threw a lighted match on the mattress. The Detroit Fire Department was summoned to extinguish the blaze. Despite the fire department's efforts, the resulting fire consumed the structure.
>
> Before the fire, the old-fashioned brick coat siding had been removed from the foundation to the eaves, exposing the wooden frame. The foundation was weakened by the removal of the bricks. The fire burned through the floor joists and wood structure of the house, eventually causing it to collapse on a fire fighter trainee, killing him.
>
> Although the defendants initially fled from the scene, they returned moments later to watch the flames spread from 8340 Kenney to 8334 Kenney. Both the homes were completely consumed by the fire, but not before spreading to 8328 Kenney, an occupied dwelling. The roof and second

[2] In addition to the arson and burning charges.

[3] *People v Reeves*, 202 Mich App 706; 510 NW2d 198 (1993).

floor dormer of the occupied dwelling were charred. [*Id.* at 4-5.]

In the prior appeal, the Supreme Court held that the word "arson" in the felony-murder statute refers to the common-law crime of arson, that is, the malicious and voluntary or wilful burning of a dwelling house of another. *Id.* at 3-4. The Court held that the charge of felony murder was improper because felony murder could not be predicated on a charge of "burning of other real property."[4] *Id.* at 21. The Court remanded the case for trial on the remaining counts. *Id.*[5]

II

Defendant argues for the first time on appeal that his convictions of two counts of burning other real property and one count of burning a dwelling house, stemming from a single fire, are a violation of double jeopardy. Defendant failed to preserve this issue for appellate review when he did not raise the issue in the trial court. This Court reviews this unpreserved constitutional claim for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). We find no plain error.

The United States and the Michigan Constitutions protect a person from being twice placed in jeopardy

---

[4] The Legislature has since amended the felony-murder statute to provide that statutory, not common-law arson, is the applicable underlying offense in felony murder. *People v Nowack*, 462 Mich 392, 400-401; 614 NW2d 78 (2000).

[5] On remand, the charges against defendant included a count of second-degree murder, which this Court determined was supported by the evidence. *Reeves, supra*, 202 Mich App 713.

for the same offense. US Const, Am V; Const 1963, art 1, § 15; *People v Torres*, 452 Mich 43, 63; 549 NW2d 540 (1996). The double jeopardy guarantee protects against multiple punishments, or successive prosecutions, for the same offense. *People v Wilson*, 454 Mich 421, 427; 563 NW2d 44 (1997); *Torres, supra* at 64.

Defendant contends that both arson of a dwelling house and burning of other real property are designed to punish the burning of property, and both require wilful behavior, which "suggests" that the Double Jeopardy Clause is violated in cases where a defendant is convicted of both offenses. Further, defendant's three convictions stem from a single fire, in effect, improperly dissecting one criminal offense into several statutory violations, in violation of the protection against double jeopardy. We disagree. We find no plain error, under double jeopardy principles, with respect to defendant's convictions of three separate offenses stemming from a single fire in which three houses were burned.

The protection against multiple punishments for the same offense is designed to ensure that courts confine their sentences within the limits established by the Legislature. *People v Sturgis*, 427 Mich 392, 399; 397 NW2d 783 (1986). The intent of the Legislature is the determining factor in considering whether multiple punishments for the same offense violate the protection against double jeopardy. *Id.* at 400-401; *People v Davis*, 250 Mich App 589, 593; 649 NW2d 118 (2002).

This Court must determine whether the Legislature intended multiple convictions of arson stemming from a single building fire that spread to two other buildings. This question implicates the "unit of pros-

ecution" rule. *People v Wakeford,* 418 Mich 95, 107; 341 NW2d 68 (1983); *Davis, supra* at 594-595. The question is whether the proper unit of prosecution is the number of fires set by defendant or the number of dwellings burned.

In *Wakeford,* our Supreme Court found no double jeopardy violation where the defendant was convicted of two counts of armed robbery stemming from a supermarket holdup, in which the defendant entered the supermarket, took money from a cash register tended by one cashier and then proceeded to the manager's office, where he held up another cashier. *Wakeford, supra* at 100-101. The Court concluded that the unit of prosecution for armed robbery is a person assaulted and robbed. *Id.* at 112. The Court reasoned as follows:

> The dispositive question is whether the Legislature intended that two convictions might result under MCL 750.529; MSA 28.797 under the circumstances presented in this case. The language of the statute consistently refers to the robbery victim in the singular; *viz.,* "his person," "his presence," "the person so assaulted." This strongly suggests that the gravamen of the offense is the armed assault on a person when combined with the taking of money or property. The primary purpose of the statute is the protection of persons; the protection of property afforded by the statute is not significantly greater than that afforded by the statute prohibiting larceny from the person of another . . . . [*Id.* at 111.]

The "unit of prosecution" has been applied in other contexts to determine whether multiple punishments violate double jeopardy principles. In *People v Dowdy,* 148 Mich App 517, 520-521; 384 NW2d 820 (1986), this Court determined that the unit of prosecution for first-degree criminal sexual conduct is the

number of penetrations rather than the number of victims. In *People v Feldscher*, 146 Mich App 49, 52; 380 NW2d 50 (1985), this Court stated that there is one unit of prosecution arising from a single incident where a defendant wilfully and maliciously damages the property of another, without regard to the number of individual items actually damaged. "While the phrase 'property of another' indicates a legislative intent to protect more than one individual item of property, it appears to protect all of an individual's property as one unit." *Id.* To do otherwise would create the possibility of hundreds of convictions arising out of a single incident. *Id.*

This Court has also held that the unit of prosecution for felonious driving is the number of persons who receive crippling injuries as a result of the defendant's actions. *People v Mathews*, 197 Mich App 143, 145; 494 NW2d 764 (1992). This Court reasoned that the purpose of the statute is the protection of individuals from crippling injuries. *Id.* Therefore, exposure to multiple counts of felonious driving is possible when a defendant's one act results in crippling injuries to more than one person. *Id.*

To determine the unit of prosecution for arson, this Court must look at the language of the statutes. "The task of discerning our Legislature's intent begins by examining the language of the statute itself." *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). MCL 750.72, burning a dwelling house, states:

> Any person who wilfully or maliciously burns any dwelling house, either occupied or unoccupied, or the contents thereof, whether owned by himself or another, or any building within the curtilage of such dwelling house, or the con-

tents thereof, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years.

MCL 750.73, burning other real property, states:

Any person who wilfully or maliciously burns any building or other real property, or the contents thereof, other than those specified in the next preceding section of this chapter, the property of himself or another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 10 years.

The language of these statutes shows an intent to protect a dwelling house, a building, or other real property from wilful or malicious burning. The focus of MCL 750.72, burning a dwelling house, is on preventing the burning of dwellings. *People v Ayers*, 213 Mich App 708, 720; 540 NW2d 791 (1995). Likewise, the focus of MCL 750.73 is any building, other real property, or the contents thereof. The statutes do not show an intent to merely proscribe fires. Because these statutes are intended to prevent the burning of a dwelling, building, or other real property, we conclude that the proper unit of prosecution in this case is each separate house. Even though defendant started only a single fire, it spread to ultimately harm three separate houses (two vacant houses were consumed and an occupied dwelling was partly charred).

Defendant's three convictions of arson (two counts of burning of other real property and one count of burning of a dwelling house) based on a single fire do not violate his right against double jeopardy. Further, there is no violation of double jeopardy on these facts on the ground that defendant was convicted of separate offenses of burning a dwelling house and burning other real property where each conviction is based on

the burning of a different house. Under the test for unpreserved error pursuant to *Carines, supra,* defendant has not shown plain error.

III

Defendant also argues that he was denied his due process right to a fair trial because the prosecutor (1) used codefendant Juma Reeves' guilty plea to a charge of second-degree murder as substantive evidence of defendant's guilt, and (2) introduced evidence of defendant's arrest in another jurisdiction and his use of an alias. Defendant concedes that he did not object to the prosecutor's alleged misconduct during trial. We find no error requiring reversal.

"Appellate review of allegedly improper conduct by the prosecutor is precluded where the defendant fails to timely and specifically object; this Court will only review the defendant's claim for plain error." *People v Schutte,* 240 Mich App 713, 720; 613 NW2d 370 (2000). To avoid forfeiture under the plain error rule, three requirements must be met (1) an error must have occurred; (2) the error was plain; (3) and the plain error affected substantial rights, i.e., the defendant was prejudiced (the defendant generally must show that the error affected the outcome of the lower court proceedings). *Carines, supra* at 763. An appellate court must then exercise its discretion in deciding whether to reverse a defendant's conviction. *Id.* Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A

Defendant argues that the evidence of codefendant Reeves' guilty plea was inadmissible as substantive evidence of defendant's guilt in his separate trial and that the prosecutor's references to this evidence in closing argument were prejudicial because they led to an impermissible "guilt by association" inference by the jury. We disagree.

In this case, defendant called Reeves as a witness and on direct examination elicited Reeves' testimony that he was presently incarcerated after pleading guilty of arson with regard to the same fire on which the charges against defendant are based. On cross-examination, the prosecutor asked Reeves whether he pleaded guilty of second-degree murder, and Reeves responded that he had. The prosecutor's questioning was permissible follow-up inquiry in response to matters raised on direct examination; moreover, defendant waived his claim of error concerning evidence of Reeves' guilty plea by introducing the evidence himself. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000); *People v Jones*, 73 Mich App 107, 110; 251 NW2d 264 (1976).

The prosecutor's references to Reeves' guilty plea in closing argument are more troublesome because of the implication that defendant's guilt with respect to the charge of second-degree murder was a foregone conclusion. Nonetheless, on these facts, defendant has failed to show that any error affected his substantial rights because the jury acquitted defendant of second-degree murder. *Carines, supra* at 763. Further, reversal is unwarranted. We are unconvinced that any alleged error resulted in the conviction of an

actually innocent defendant or that the error seriously affected the fairness, integrity, or public reputation of the proceedings. *Id.*

B

Defendant also argues that he was prejudiced by the prosecutor's introduction of evidence of defendant's arrest in Alabama while he was using an alias. Defendant argues that the evidence of his use of an alias was employed for the improper purpose of attacking his credibility. Defendant contends that this "other acts" evidence was highly prejudicial and requires reversal of his convictions.

As with defendant's challenge to evidence of Reeves' guilty plea, we cannot conclude that any alleged error affected his substantial rights or warrants reversal of his convictions. *Id.* Evidence concerning defendant's use of an alias and his arrest in Alabama are unlikely to have affected the trial outcome in view of eyewitness testimony linking defendant and his two codefendants to the fire scene, the admission at trial of defendant's confession, and Reeves' confession implicating defendant in the crime.

Affirmed.