# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LEMONT SANTEZ RINGO,

        Defendant-Appellant.

UNPUBLISHED
June 29, 2017

No. 332237
Wayne Circuit Court
LC No. 15-008125-01-FH

Before: SAWYER, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of second-degree arson, MCL 750.73(1). Defendant was originally sentenced, as a second habitual offender, MCL 769.10, to 72 months to 20 years' imprisonment, and resentenced to 51 months to 20 years' imprisonment after filing a motion for resentencing. We affirm.

On appeal, defendant argues that the great weight of the evidence does not support his conviction of second-degree arson, and therefore, he is entitled to a new trial. We disagree.

In order to preserve a claim that a verdict is against the great weight of the evidence, a defendant must make a timely motion for a new trial. MCR 2.611(A)(1)(e); *People v Winters*, 225 Mich App 718, 729; 571 NW2d 764 (1997). "[W]hen a party fails to preserve a great-weight issue for appeal, an appellate court will look for plain error affecting the defendant's substantial rights." *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011), quoting *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003). To determine whether the verdict at issue is against the great weight of the evidence this Court looks to "whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009), citing *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001).

An individual is guilty of second-degree arson when he or she "willfully or maliciously burns, damages, or destroys by fire or explosive a dwelling, regardless of whether it is occupied, unoccupied, or vacant at the time of the fire or explosion, or its contents[.]" MCL 750.73(1). To prove an individual acted "willfully or maliciously" in the context of arson, the prosecution must demonstrate:

    1) that the defendant intended to do the physical act constituting the actus reus of arson, i.e., starting a fire or doing an act that results in the starting of a fire

(intentional arson); or 2) that the defendant intentionally committed an act that created a very high risk of burning a dwelling house, and that, while committing the act, the defendant knew of the risk and disregarded it (wanton arson). [*People v Nowack*, 462 Mich 392, 409; 614 NW2d 78 (2000).]

The intent of the statute is to protect any building, real property, or the contents of the building from willful or malicious burning, rather than an intent to "merely proscribe fires." *People v Barber*, 255 Mich App 288, 295; 659 NW2d 674 (2003). Fire investigations concluding, by process of elimination of other possible causes, that a fire is caused by arson are sufficient evidence to support a conviction of arson. *People v Simon*, 174 Mich App 649, 653-654; 436 NW2d 695 (1989) (investigation indicated flammable liquid was ignited and fire investigators do not have to investigate all remotely possible causes of a fire).

The evidence in the record here establishes that defendant willfully or maliciously burned or damaged a dwelling by fire in violation of MCL 750.73(1). Two individuals who were present at the location of the fire, Rasheed Biddle and David Jones, testified at trial. Biddle testified that while he was at his mother's home on July 23, 2015, defendant came to the home and began arguing with him then threatened to burn the home stating, "I'm gonna come back and burn this crib down." Biddle testified that he did not have any issues with any other individuals. Jones also testified that defendant got into an argument with Biddle on the afternoon of July 23, 2015, at Biddle's mother's home, and threatened to burn the home. A neighbor from across the street testified that defendant had been at her house, saw Biddle at the house across the street and stated he was going to beat Biddle up. Approximately 20 minutes after defendant left, she noticed that the house across the street was on fire so she and her children went over and put it out.

The Detroit Fire Department received a call to extinguish the fire, and Officer Jermaine Owens conducted an investigation regarding its origin. Officer Owens testified that, in his investigation, he concluded by process of elimination that the fire was deliberately set and a criminal act. Officer Owens also testified concerning the damage done to the porch of the home, including charring of the building and furniture on the porch and a broken picture window. Biddle testified that after his argument with defendant, he left for a few minutes to take someone home and when he returned less than ten minutes later, the front porch of the home and furniture on the porch had been burned. On the record presented, the great weight of the evidence does not preponderate against defendant's conviction for second-degree arson and there was no plain error affecting defendant's substantial rights.

Defendant argues that the credibility of the witnesses' testimony should be considered by this Court to determine whether the verdict is against the great weight of the evidence. Defendant relies on Biddle's testimony that Biddle saw defendant get in a car and drive away from the home where the fire occurred, and, therefore, argues that defendant was not present when the fire started. Defendant also relies on Biddle's testimony that Biddle was only gone for three minutes before he returned to the home and saw the damaged porch to argue that defendant could not have set the fire in that short amount of time. Witness credibility is left for the fact-finder and not typically grounds for a new trial. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998), quoting *United States v Garcia*, 978 F2d 746, 748 (CA 1, 1992). This includes conflicting witness testimony, even when such testimony has been impeached.

*Lemmon*, 456 Mich at 647. See also *People v Roper*, 286 Mich App 77, 89; 777 NW2d 483 (2009) ("Conflicting testimony alone will not typically warrant reversal."). Some exceptions to this rule do exist:

> "[U]nless it can be said that directly contradictory testimony was so far impeached that it 'was deprived of all probative value or that the jury could not believe it,' or contradicted indisputable physical facts or defied physical realities, the trial court must defer to the jury's determination." [*People v Musser*, 259 Mich App 215, 219; 673 NW2d 800 (2003), quoting *Lemmon*, 456 Mich at 645-646 (citation omitted).]

Here, defendant fails to establish that the testimony given by Biddle and Jones is deprived of all probative value such that the fact-finder could not believe it, or that the testimony contradicts indisputable physical facts or realities. Biddle and Jones both testified that defendant got into an argument with Biddle, resulting in defendant making a threat to burn down the home of Biddle's mother. Biddle testified that defendant specifically made a threat to "come back and burn this crib down." The neighbor also testified that defendant went across the street, and that when defendant returned, he said that he was going to beat up Biddle. The trial court relied on this testimony as establishing that defendant intended to burn the dwelling and that the fire was not accidental in nature.

Furthermore, the testimony related to the timing of defendant's departure from the scene and Jones and Biddle's return to the scene does not contradict indisputable physical facts or realities. Biddle testified that he returned home after receiving a phone call within three minutes of leaving, but that it could have been 10 minutes. Jones testified that he and Biddle returned to the home after about 15 minutes. The testimony of Biddle and Jones about the actual timing is approximate, and it was reasonable for the trial court to find that defendant had the time and opportunity to commit the arson, despite the fact that Biddle testified that he saw defendant drive away and did not see who set the fire. Thus, defendant fails to establish that the testimony warrants a new trial.

Affirmed.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michael J. Riordan