# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TRAMANUEL DURHAM,

Defendant-Appellant.

UNPUBLISHED
January 25, 2018

No. 334256
Wayne Circuit Court
LC No. 16-002807-01-FC

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and felon in possession of a firearm (felon-in-possession), MCL 750.224f.[1] The trial court sentenced defendant, as a second habitual offender, MCL 769.10, to two years' imprisonment for the felony-firearm conviction, and 18 to 60 months' imprisonment for the felon-in-possession conviction. We affirm.

This matter arises from an altercation that took place between defendant and Nathaniel Lathan (Nathan), the adult son of defendant's girlfriend Diane Lathan (Diane), on March 12, 2016, in Detroit, Michigan. Diane's adult children, Nathan, Stephan Quicksey (Stephan), and Wednesday Quicksey (Wednesday), did not care for defendant. The day before this incident, Nathan told defendant not to come near their home anymore. When defendant arrived at their home the next day, he and Nathan got into a physical altercation, which resulted in shots being fired from a shotgun defendant had in his vehicle, as well as from a pistol Nathan had on his person.

## I. FELONY-FIREARM CONVICTION

---

[1] Defendant was acquitted of the following charges: assault with intent to murder, MCL 750.83, assault with intent to do great bodily harm less than murder, MCL 750.84, assault by strangulation, MCL 750.84(1)(b), and assault with a dangerous weapon (felonious assault), MCL 750.82.

-1-

Defendant first argues that his conviction for felony-firearm cannot stand because it was the result of an impermissible statement made by the prosecutor to the jury during closing argument. We disagree.

To preserve a claim for prosecutorial misconduct, a defendant must timely and specifically object to allegedly improper conduct by the prosecutor during trial and request a curative instruction. *People v Barber*, 255 Mich App 288, 296; 659 NW2d 674 (2003); *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defense counsel did not object to the prosecutor's statement to the jury that it could find defendant guilty of felony-firearm if it found defendant guilty of felon-in-possession, nor did she request a curative instruction. Therefore, this issue is not preserved for appeal. *Barber*, 255 Mich App at 296.

Where a defendant fails to preserve a claim of prosecutorial misconduct, this Court reviews the issue for plain error. *Barber*, 255 Mich App at 296. "To avoid forfeiture under the plain error rule, three requirements must be met[:] (1) an error must have occurred; (2) the error was plain; (3) and the plain error affected substantial rights, i.e., the defendant was prejudiced (the defendant generally must show that the error affected the outcome of the lower court proceedings)." *Id.* It is up to this Court's discretion to decide whether to reverse the convictions of the defendant. *Id.* "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.*

During closing arguments, the prosecutor told the jury:

And you can find [defendant] guilty of the count of felon[-]in[-]possession of a firearm. And because of that you can also find him guilty of felony[-]firearm. Felon[-]in[-]possession is one of the counts that you can convict the person of felony[-]firearm for as well.

So if you want to make it easy[,] if you believe that that was his shotgun[,] you can agree he's at least guilty of count five and six[,] felon[-]in[-]possession of a firearm and felony[-]firearm.

During jury instructions, the trial court instructed the jury that it must take the law as the court gives it and further instructed the jury as follows pertaining to felony-firearm:

Count six, that's known as felony[-]firearm. The defendant is charged with a separate crime of possessing a firearm at the time he committed the crime of assault with intent to murder or assault with intent to do great bodily harm less than murder or assault by strangulation or assault with a dangerous weapon or *felon[-]in[-]possession of a firearm*.

To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt [,] there are only two elements:

First, that the defendant committed any of those crimes that I just defined for you. And [it] is not necessary[,] however[,] that the defendant be convicted of any [] of those crimes.

And second, that at the time the defendant committed those crimes he knowingly carried or possessed a firearm.

The prosecutor's statement that the jury could convict defendant of felony-firearm if it found defendant guilty of felon-in-possession was not an impermissible statement. Rather, well-established case law provides that felon-in-possession may constitute the underlying felony for felony-firearm. *People v Calloway*, 469 Mich 448, 452; 671 NW2d 733 (2003) ("Because the felon in possession charge is not one of the felony exceptions in the statute, it is clear that defendant could constitutionally be given cumulative punishments when charged and convicted of both felon in possession, MCL 750.224f, and felony-firearm, MCL 750.227b."); *People v Dillard*, 246 Mich App 163, 167-168; 631 NW2d 755 (2001) ("[T]he Legislature clearly intended to permit a defendant charged with felon in possession to be properly charged with an additional felony-firearm count.").

It is true that felon-in-possession was not listed as a predicate felony to the felony firearm charge. The amended felony information charged defendant in Count 6 with felony-firearm, providing that defendant "did carry or have in his/her possession a firearm, to wit: Shotgun, at the time he/she committed or attempted to commit a felony, to-wit: Assault with [Intent] to Murder and/or do Great Bodily Harm and/or Assault by Strangulation and/or Felonious Assault." Although the felony information may be amended before, during, or after trial to cure a defect, imperfection, or omission, as long as the defendant is not prejudiced, MCR 6.112(H), it is undisputed that the prosecution did not move to amend the information.

Unacceptable prejudice against a defendant includes "unfair surprise, inadequate notice, or insufficient opportunity to defend." *People v Hunt*, 442 Mich 359, 364; 501 NW2d 151 (1993). At defendant's preliminary examination, the prosecution asserted that it put defense counsel on notice that it was going to add a charge of felon-in-possession to the felony information. The trial court bound defendant over on all of the charges including felon-in-possession. The original felony information listed felony-firearm as Count 5, and the amended felony information listed felon-in-possession as Count 5, and felony-firearm as Count 6. It is unclear why the felony-firearm charge was not amended to include felon-in-possession as an underlying felony. Nevertheless, defendant cannot demonstrate that he was prejudiced by the trial court's inclusion of felon-in-possession as a predicate felony for felony-firearm as he was aware of the added charge as early as the preliminary examination. Therefore, it was not an unfair surprise and defendant had adequate notice and a sufficient opportunity to defend against this charge. *Hunt*, 442 Mich at 364. Defendant is not entitled to retrial or dismissal of his felony-firearm conviction.

## II. SELF-DEFENSE JURY INSTRUCTION

Defendant argues that the trial court erred when it did not provide a self-defense jury instruction to his felon-in-possession charge, even though it agreed to provide the instruction and, as a result, defendant is entitled to a retrial or dismissal of his convictions. We disagree.

A defendant must object to a jury instruction before the jury deliberates to preserve an instructional error for appellate review. *People v Gonzalez*, 256 Mich App 212, 225; 663 NW2d 499 (2003). Both parties agree that the trial court assented to giving a self-defense instruction to

the jury pertaining to the felon-in-possession charge. After the trial judge finished reading the jury instructions, he asked the parties whether they were satisfied, and the following interaction took place:

> [*Defense Attorney*]: Your Honor, did the [c]ourt read the self[-]defense felony[-]firearm[2] instruction that I gave you because I gave you my only copy[;] that is my only concern.
>
> *The Court*: Okay.
>
> [*Defense Attorney*]: I don't know the language by heart[,] I was listening.
>
> *The Court*: You can return to your seats.
>
> [*Defense Attorney*]: Okay.
>
> Thank you.

Despite this conversation, the jury instruction was not read and the jury was released to deliberate. However, defense counsel's comment effectively preserves this issue for appeal. *Gonzalez*, 256 Mich App at 225.

This Court generally reviews claims of instructional error de novo. *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). However, this Court reviews a trial court's determination that a jury instruction applies to the facts of a case for an abuse of discretion. *Id.* "Jury instructions are reviewed in their entirety, and there is no error requiring reversal if the instructions sufficiently protected the rights of the defendant and fairly presented the triable issues to the jury." *Id.*

A criminal defendant is entitled to a jury that is properly instructed to consider the evidence of the case. *Dobek*, 274 Mich App at 82. The role of the trial court is to clearly present the case to the jury, and instruct the jury on the applicable law. *Id.* "Jury instructions must include all the elements of the offenses charged against the defendant and any material issues, defenses, and theories that are supported by the evidence." *Id.* However, an error does not occur from the omission of an instruction if the instructions as a whole covered the substance of the omitted instruction. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002).

The parties agree on appeal that the trial court agreed to give a self-defense instruction pertaining to the charge of felon-in-possession, but ultimately did not provide it. Although the trial court seemingly did not provide a jury instruction of self-defense specific to felon-in-possession, it did provide the following self-defense instruction:

---

[2] Although defense counsel asked about a felony-firearm self-defense instruction, it is clear that defense counsel misspoke, as both parties assert on appeal that the trial court agreed to provide a self-defense instruction for felon-in-possession.

Now the defendant claims that he acted in lawful self[-]defense. A person has the right to use force or even to take a life to defend himself under certain circumstances.

If a person acts in lawful self[-]defense, the person[']s action[s] are justified and he is not guilty. You should consider all of the evidence and use the following rules to decide whether the defendant acted in lawful self[-]defense.

Remember to judge the defendant's conduct according to how the circumstances appeared to him at the time that he acted.

First, at the time he acted the defendant must have honestly and reasonably believed that he was in danger of being killed or seriously injured.

If the defendant's belief was honest and reasonable[,] he could act immediately to defend himself even if it turns out later he was wrong about how much danger he was in.

In deciding if the defendant's belief was honest and reasonable[,] you should consider all of the circumstances as they appeared to the defendant at the time.

Second, that a person may not kill or serious[ly] injure another person just to protect himself against what seems like a threat of only minor injury.

The defendant must have been afraid of death or serious physical injury. When you decide if a defendant was afraid of one or more of these you should consider all of the circumstances, the condition of the people involved including their relative strength.

Whether the other person was armed with a dangerous weapon or had some other means of injuring the defendant.

The nature of the other person[']s attack or threat. Whether the defendant knew about any previous violent acts or threats made by the other person.

Third, that at the time he acted the defendant must have honestly and reasonably believed that what he did was immediate[ly] necessary.

Under the law[,] a person may only use as much force as he thinks is necessary at the time to protect himself. When you decide[] whether the amount of force used seems to be necessary, you may consider whether the defendant knew about any other way of protecting himself.

But you may also consider how the excitement of the moment affected the choice he made. An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against

another individual anywhere he or she has the legal right to be[,] with no duty to retreat[,] if either of the following applies.

The individual honestly and reasonably believed that the use of deadly force is necessary to prevent the imminent death or imminent great bodily harm to himself or herself or to another person.

\* \* \*

An individual who has not or is not engaged in the commission of a crime at the time he or she used force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat.

If he or she honestly and reasonably believed that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual.

The defendant does not have to prove that he acted in self[-]defense. Instead, the prosecutor must prove beyond a reasonable doubt that the defendant did not act in self[-]defense.

The trial court did not specify what charges this self-defense instruction applied to, or indicate that it did not specifically apply to the felon-in-possession charge. Defendant argues that he was entitled to the omitted jury instruction because:

Defendant introduced evidence from which the jury could have concluded that his possession of the firearm was justified because he honestly and reasonably believed that his life was in imminent danger and that it was necessary for him to exercise force to protect himself from his girlfriend's son, who told him "not to come back around or it was going to be a problem," carried a handgun in his sweatshirt, snuck up on him and jumped on top of him.

Defendant has not specified how the omitted jury instruction pertaining specifically to felon-in-possession differed from the self-defense instruction provided by the trial court. Based on defendant's argument on appeal, it is clear that the self-defense jury instruction given by the court covers the self-defense arguments of which defendant asserts he was entitled. Thus, the self-defense instruction provided covers the substance of the omitted instruction, and an error did not occur. *Kurr*, 253 Mich App at 327.

### III. MISSTATEMENTS OF FACT MADE BY THE PROSECUTOR

Defendant argues that the prosecutor made multiple misstatements of fact during closing argument and rebuttal that resulted in a miscarriage of justice, and therefore denied defendant due process of law and a fair trial. We disagree.

Defense counsel did not object to the prosecutor's alleged misstatements of fact during closing argument or rebuttal, or request a curative instruction. Therefore, this issue is not

preserved for appeal. *Barber*, 255 Mich App at 296. As fully explained above, this Court reviews an unpreserved claim of prosecutorial misconduct for plain error. *Id*.

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *Dobek*, 274 Mich App at 63. This Court reviews prosecutorial misconduct on a case-by-case basis by examining the record and the prosecutor's remarks in context. *People v Mann*, 288 Mich App 114, 119; 792 NW2d 53 (2010) (citation omitted). "The propriety of a prosecutor's remarks depends on all the facts of the case." *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). The prosecutor's comments must be read as a whole, and evaluated by this Court in light of the defendant's arguments, and the relationship the comments bear to the admitted evidence. *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008).

The prosecutor cannot make a statement of fact to the jury that is not supported by evidence admitted at trial. *People v Stanaway*, 446 Mich 643, 686; 521 NW2d 557 (1994). However, prosecutors " 'are accorded great latitude regarding their arguments and conduct,' " and they are " 'free to argue the evidence and all reasonable inferences from the evidence as it relates to [their] theory of the case.' " *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995) (citations omitted). The prosecution "need not confine argument to the blandest possible terms." *Dobek*, 274 Mich App at 66. In addition, a prosecutor may argue that a defendant is unworthy of belief, based on the facts. *Id.* at 67.

Defendant alleges that the prosecutor made various misstatements of fact during his closing argument and rebuttal. Defendant argues that the prosecutor tried to undermine defendant's credibility and make defendant's claim that he was not in possession of the shotgun "ridiculous." First, defendant challenges the following statement by the prosecutor:

> [Defendant] thought he heard the family unloading the shotgun. But this thing was fully loaded when the officers found it.
>
> They had to take out the six live rounds all inside of it.

Defendant is correct in that the evidence does not support this specific statement by the prosecutor. Both Nathan and defendant testified that a shot was fired from the shotgun while they were wrestling over it inside of defendant's car. Officer Jonathan Stevanovic (Officer Stevanovic) testified that Wednesday took him inside the home to the shotgun. One spent shotgun casing was found where defendant's car was parked before Diane moved it, but Officer Stevanovic also found "live ammunition" inside the shotgun, which he unloaded. There was no statement that six live rounds were found inside the gun.

Although the prosecutor made an erroneous statement, defendant has not shown that this statement affected defendant's substantial rights. *Barber*, 255 Mich App at 296. Defendant was not prejudiced by the prosecutor's misstatement regarding whether the shotgun was fully loaded, as this fact is irrelevant to defendant's convictions of felon-in-possession and felony-firearm. Whether the shotgun was fully loaded is irrelevant to the fact that defendant was in possession of the shotgun, and this fact was the basis for his convictions.

Next, defendant argues that the following statement made by the prosecutor constituted misconduct:

> You didn't hear anything about a person with a machete until [defendant] gets up on the stand[,] and for some reason this person does not even use the machete on him[,] and that part was never even told to the police officers.

> You would think if somebody attacks you with a machete you'd tell the police about that. But [this] is his way of trying to exaggerate and lie about what happened to try to cover up his own responsibility for what happened in this particular case.

Defendant argues that this was a misstatement of fact because neither defendant nor any of the police officers testified that defendant did not tell the police that he was assaulted by Diane's other daughter, Chardae, and Roger, who had a machete. The prosecution argues that a reasonable inference from the testimony was that defendant did not tell the police about this attack. Only defendant testified regarding the attack by Chardae and Roger with a machete. None of the responding police officers testified regarding this attack; however, none of them were specifically asked about it either. Prosecutors may argue reasonable inferences from the evidence as it relates to their theory of the case. *Bahoda*, 448 Mich at 282. Based on defendant's testimony and the lack of testimony by the police officers, the prosecutor drew the inference that defendant did not tell the police about the attack with the machete. This was a reasonable inference from the testimony. In addition, this statement by the prosecutor did not prejudice defendant. *Barber*, 255 Mich App at 296. It did not affect the outcome of the lower court proceedings as defendant's testimony regarding this attack is also irrelevant to his convictions for felony-firearm and felon-in-possession.

Lastly, defendant takes issue with the prosecutor's statements that defense counsel "invented testimony." Defendant challenges the following statements by the prosecutor during his rebuttal argument:

> And it is clear and obvious [that defense counsel's] theme is [defendant's] own testimony is so unbelievable, so incredible, so utterly ridiculous that his own attorney has to invent testimony for him to the point where a case can be made for him.

> * * *

> Because you also heard the invented testimony that well, probably the family was there trying to stop [Nathan] from wanting to shoot [defendant].

> * * *

> And don't you think if they have been saying some of those things if they would have been trying to stop [Nathan] from wanting to pull the trigger[,] don't you think you would have heard this testimony from the defendant himself?

But he didn't say that. He didn't say oh, yeah, Steph[a]n [] was there telling [Nathan] to put the gun down. The defendant didn't say that.

This is invented testimony coming from the defense counsel's argument.

The difference in wording of Stephan's testimony and defense counsel's statement that Nathan's family was telling him "don't shoot [defendant]" is minimal. However, the prosecutor's statement that defense counsel "invented testimony" does not rise to the level of prosecutorial misconduct as it did not prejudice defendant. Defendant was acquitted of four other charges, and this statement of the prosecutor did not affect the outcome of the trial.

## IV. REASONABLENESS OF SENTENCE

Defendant argues that he is entitled to resentencing because his sentence for felon-in-possession was an upward departure from the sentencing guidelines range, and was "unreasonable, disproportionate, disparate, and inequitable." We disagree.

A criminal defendant does not need to take any special steps in order to preserve a challenge to the proportionality of his or her sentence. *People v Cain*, 238 Mich App 95, 129; 605 NW2d 28 (1999). This Court reviews a sentence that was imposed as a departure from the advisory sentencing guidelines to determine whether the sentence is reasonable. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). A sentence is reasonable if it is proportionate to the seriousness of the circumstances of the offense and the offender. *People v Steanhouse*, 500 Mich 453, 475; 902 NW2d 327 (2017). This Court reviews the trial court's determination of a reasonable sentence for an abuse of discretion. *Id.* at 471. The "key test" of a reasonable sentence "is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*. at 475, quoting People *v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990).

Defendant was sentenced to two years' imprisonment for felony-firearm, and 18 to 60 months' imprisonment for felon-in-possession. Defendant's prior record variable (PRV) score was amended at sentencing to 27 points, and his offense variable (OV) score was amended at sentencing to zero points. This made defendant's sentencing guideline range 5 to 23 months. Defendant's minimum sentence of 18 months' imprisonment falls within the sentencing guidelines range of 5 to 23 months. Thus, this was not a departure sentence. "[A] sentence within the guidelines range is presumptively proportionate." *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Therefore, defendant's sentence was not disproportionate.

Affirmed.

/s/Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher